IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS and HOLLY DOUGLAS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. _____ |
| FEDEX GROUND PACKAGE SYSTEM, INC., et al., | ) ) ) ) |
| Defendant. | ) ) ) |

**NOTICE OF REMOVAL**

Defendant FedEx Ground Package System, Inc. (sometimes referred to herein as "FedEx Ground") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Circuit Court of Colbert County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division. In support of this removal, FedEx Ground states as follows:

**I. PROCEDURAL BACKGROUND**

1. On February 10, 2022, Plaintiffs William Douglas and Holly Douglas ("Plaintiffs") filed a Complaint against Michael Savage ("Savage"), Allstate Property & Casualty Insurance Company, and Atlantic Specialty Insurance Company in the Circuit Court of Colbert County, Alabama, Case No. CV 2022-900027. *See* Exhibit A.

2. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as Exhibit A.

3. Atlantic Specialty Insurance Company was dismissed from the state court action with prejudice on June 15, 2022.  Exhibit A.

1

4. Allstate Insurance Company was dismissed from the state court action with prejudice on July 15, 2022. Exhibit A.

5. On July 21, 2022, Plaintiffs filed their First Amended Complaint, adding FedEx Ground as a Defendant.[1]  Exhibit A.

6. FedEx Ground was served with the First Amended Complaint on July 25, 2022. Exhibit A.

7. FedEx Ground answered the First Amended Complaint on August 29, 2022. Exhibit A.

8. Savage was at all times relevant to these proceedings, a citizen of the State of Alabama. (See Deposition of Michael Savage, excerpts of which are attached hereto as Exhibit B, at 6,8, 13).

9. On September 12, 2022, Savage was dismissed from the state court action with prejudice. Exhibit A.

10. As of the dismissal of Savage from these proceedings, the only parties to this litigation are Plaintiffs William and Holly Douglas and Defendant FedEx Ground Package System, Inc.

11. This Notice is being filed by FedEx Ground in the United States District Court within 30 days after receipt of the Order dismissing Savage, and, therefore, this Notice is timely under 28 U.S.C. § 1446(b)(3).

12. FedEx Ground is contemporaneously filing a Notice of Filing this Notice of Removal with the Circuit Court of Colbert County, Alabama, a copy of which is attached hereto as Exhibit C.

---

[1] Plaintiffs initially named Federal Express Corporation as a Defendant. By stipulation of the parties filed on August 24, 2022, Federal Express Corporation was dismissed from the litigation, and FedEx Ground Package, Inc. was substituted as the Defendant in place of Federal Express Corporation. Exhibit A. Later that same day, the Court granted the parties' stipulation, and FedEx Ground Package System, Inc. was formally substituted as the Defendant in this action. Exhibit A.

13. This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiffs and FedEx Ground, and the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II.  DIVERSITY JURISDICTION

14. As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) and (c)(1).  There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Furthermore, this Notice of Removal has been filed within 30 days of the date the Circuit Court of Colbert County issued an Order dismissing the lone non-diverse defendant, at which time this case became removable.  Accordingly, this Notice of Removal complies with the procedural requirements of 28 U.S.C. §1446(b)(3).

  A. **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES.**

15. This action involves "citizens of different States."  28 U.S.C. § 1332(a)(1).

16. Plaintiffs reside in Morgan County, Alabama, and are citizens of the State of Alabama. *See* Exhibit A, Plaintiffs' First Amended Complaint at ¶ 1.

17. FedEx Ground is a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business located in Moon Township, Pennsylvania.

18. The citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction.  28 U.S.C. § 1441(b); *Howell v. Circuit City*, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

19. Accordingly, there is complete diversity among the parties.

### B. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

20. Traditionally, the amount in controversy is gleaned from the damages clause in the complaint. But in cases like the instant case "[i]f a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement.'" *Rowe v. Michelin. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996)). To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe*, 613 F.3d at 1061 ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) (concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional requirements of removal").

21. Legal precedent from the United States Court of Appeals for the Eleventh Circuit permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. A district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Rowe*, 613 F.3d at 1061-62.

4876-3702-5076v1
2919283-000052 10/05/2022

22. Here, Plaintiff William Douglas's medical bills arising from the accident made the basis of this suit greatly exceed the amount-in-controversy requirement. The undersigned counsel requested medical records and bills from Plaintiffs' counsel shortly after FedEx Ground became a party to this litigation. Plaintiffs' counsel sent records which included a bill from Air Evac Lifeteam in the amount of $64,357.77, billing records from North Mississippi Medical Center in Tupelo, Mississippi totaling $424,352.00, and billing records from Shepherd Center in Atlanta, Georgia totaling $309,170.00. (See Affidavit of David W. McDowell, attached hereto as Exhibit D). Combined, these bills total nearly $800,000.

23. In their First Amended Complaint, Plaintiff William Douglas alleges he has suffered the following categories of damages:

    a) Medical expenses;
    b) Pain and suffering on account of personal injury;
    c) Mental anguish on account of personal injury;
    d) Permanent injuries;
    e) Disfigurement;
    f) Property damage;
    g) Future medical expenses;
    h) Loss of earnings; and
    i) Loss of earning capacity

(Exhibit A, First Amended Complaint at ¶¶ 20, 24). Plaintiff Holly Douglas claims that she is entitled to recover from FedEx Ground "damages for loss of consortium and out-of-pocket expenses related to her husband William Douglas's care, rehabilitation, and treatment." (Exhibit A, First Amended Complaint at ¶¶ 21, 25). The Plaintiffs also allege that they are entitled to recover punitive damages from FedEx Ground. (Exhibit A, First Amended Complaint at ¶ 26). Considering the medical expenses alone total approximately $800,000, and the Plaintiffs between them are making claims to recover several wholly separate categories of damages in addition to

past medical expenses, it is apparent that the amount-in-controversy requirement for removal has been satisfied.

### C.  THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

24. FedEx Ground, in addition to satisfying the requirements of diversity jurisdiction, has satisfied all other requirements for removal.

25. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

26. FedEx Ground has not previously removed this action.

27. Removal at the present time will not result in any prejudice to the Plaintiffs.

28. Removal to this district and division is proper under 28 U.S.C. § 81(a)(3) because this district and division encompasses the Circuit Court of Colbert County, Alabama, the forum in which the removed action was pending.

29. If any question arises as to the propriety of the removal of this action, FedEx Ground respectfully requests the opportunity to conduct discovery related to jurisdictional issues. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

WHEREFORE, Defendant FedEx Ground Package System, Inc. respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Colbert County, Alabama to the United States District Court for the Northern District of Alabama, Northwestern Division.

Respectfully submitted this 5th day of October 2022.

/s/ David W. McDowell
David W. McDowell (ASB-7713-L69D)
Maia Fleischman (ASB-4144-G20M)
***Attorneys for FedEx Ground Package System, Inc.***

**OF COUNSEL**:

BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, P.C.
420 North 20th Street
Shipt Tower, Suite 1400
Birmingham, AL 35203-5202
Telephone: (205) 328-0480
dmcdowell@bakerdonelson.com

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 5, 2022, the foregoing has been sent via this Court's electronic filing system and/or U.S. mail to the following:

Tommy H. Siniard, Esq.
Bart Siniard, Esq.
SINIARD LAW, LLC
511 Madison Street SE
Post Office Box 18666
Huntsville, AL 35804
bart@siniardlaw.com

                                      /s/ David W. McDowell
                                      OF COUNSEL

4876-3702-5076v1
2919283-000052 10/05/2022