FILED

2022 Oct-05  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>20<br><br>Date of Filing:    Judge Code:<br>02/10/2022 |
| --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### WILLIAM DOUGLAS ET AL v. ALLSTATE INSURANCE COMPANY ET AL

**First Plaintiff:** ☐ Business  ☑ Individual          **First Defendant:** ☑ Business  ☐ Individual
                     ☐ Government ☐ Other                                ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:    F** ☑ **INITIAL FILING**     **A** ☐ **APPEAL FROM**          **O** ☐ **OTHER**
                                              **DISTRICT COURT**

           **R** ☐ **REMANDED**          **T** ☐ **TRANSFERRED FROM**
                                              **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
                                                             jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| SIN008 | 2/10/2022 12:06:52 PM | /s/ THOMAS H SINIARD |
| --- | --- | --- |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**        ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☑ NO

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS** | ) |
| **HOLLY DOUGLAS;** | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| **v.** | ) **CASE NO.: CV21 _____** |
| | ) |
| **MICHAEL KEITH SAVAGE;** | ) |
| **ALLSTATE PROPERTY &** | ) |
| **CASUALTY INSURANCE** | ) |
| **COMPANY; ATLANTIC** | ) |
| **SPECIALTY INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| | ) |

There may be other entities whose true names and identities are unknown to the plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the plaintiff will designate these parties in accordance with ARCP 9(h). The word entity as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations.

Fictitious Defendant A, being the correct name of the individual who operated the vehicle that collided with the plaintiff William Douglas on the occasion described herein;

Fictitious Defendants B, C, D being that or those individual(s), corporation(s), or other entity that employed, retained, or was legally responsible for the conduct of Michael Keith Savage on the occasion described herein;

Fictitious Defendants E, F, G being that individual, corporation, or other entity that owned, leased, operated, or entrusted the vehicle(s) operated by Michael Keith Savage on the occasion described herein;

Fictitious Defendants H, I, J being the individual, firm, or corporation, respectively, responsible, for the inspection, maintenance, and repair of the vehicle Defendant Michael Keith Savage was operating on the occasion described herein;

**Fictitious Defendants K, L, and M being the individual, corporation or other
entity responsible for the incident made the basis of this suit; and**

**Fictitious Defendants N, O, and P being the correct name of any company,
corporation, or other entity that issued underinsured and/or uninsured
motorist insurance covering Plaintiff at the time of the wreck made the basis
of this suit;**                                                          )
                                                                          )
                                                                          )
*Defendants.*                                                             )

## COMPLAINT

1.      Plaintiffs William Douglas and his wife Holly Douglas are over nineteen years of
age and are residents of Morgan County, Alabama.

2.      Based upon information and belief Defendant Michael Keith Savage is believed to
be an adult resident of Colbert County, Alabama.

3.      Based upon information and belief Defendants Allstate Property & Casualty
Insurance Company and Atlantic Specialty Insurance Company are insurance corporations duly
licensed in the State of Alabama to issue contracts of insurance, including automobile insurance
policies.

4.      The true names and identities of the other named defendants are unknown to the
Plaintiff at this time and will be added by amendment in accordance with Rule 9(h) of the Alabama
Rules of Civil Procedure when the true names and identities are ascertained.

5.      The acts and omissions complained of occurred in Colbert County, Alabama and
the amount in controversy exceeds $20,000.00.

### COUNT I – NEGLIGENCE & SUBSEQUENT NEGLIGENCE
### MICHAEL KEITH SAVAGE

6.      Plaintiff adopts and re-alleges the allegations set forth in items one through five,
above, as if set out in full herein.

7.      On or about October 23, 2021, upon a public roadway, to-wit: on Old Highway 20
in Colbert County, Alabama, defendant negligently operated a motor vehicle in that he failed to
maintain a proper lookout thereby striking the Plaintiff.

8.      As a direct and proximate result of Michael Keith Savage's negligence, William
Douglas was caused to suffer serious bodily injury.

9.     Plaintiff William Douglas is entitled to compensation from defendant for:

   a)     Medical expenses;

   b)     Pain and suffering on account of personal injury;

   c)     Mental anguish on account of personal injury;

   d)     Permanent injuries;

   e)     Disfigurement;

   f)     Property damage;

   g)     Future medical expenses;

   h)     Loss of earnings; and

   i)     Loss of earning capacity.

10.     Plaintiff Holly Douglas is entitled to damages for loss of consortium and out-of-pocket expenses related to her husband William Douglas's care, rehabilitation, and treatment.

**WHEREFORE**, the foregoing grounds considered, plaintiffs demand a judgment against defendant in an amount deemed appropriate under the circumstances, plus the costs of this action.

## COUNT II – WANTON CONDUCT
## MICHAEL KEITH SAVAGE

11.     Plaintiffs adopt and re-allege the allegations set forth in items one through ten above, as if set out in full herein.

12.     On or about October 23, 2021, upon a public roadway, to-wit: Old Highway 20 in Colbert County, Alabama, defendant wantonly and/or recklessly operated a motor vehicle in that he failed to maintain a proper lookout thereby striking the Plaintiff.

13.     As a direct and proximate result of Michael Keith Savage's wantonness, William Douglas was caused to suffer serious bodily injury.

14.     Plaintiff William Douglas is entitled to compensation from defendant for:

   a)     Medical expenses;

   b)     Pain and suffering on account of personal injury;

   c)     Mental anguish on account of personal injury;

   d)     Permanent injuries;

   e)     Disfigurement;

f)   Property damage;

g)   Future medical expenses;

h)   Loss of earnings; and

i)   Loss of earning capacity.

15.   Plaintiff William Douglas is entitled to punitive damages.

16.   Plaintiff Holly Douglas is entitled to damages for loss of consortium and out-of-pocket expenses related to her husband William Douglas's care, rehabilitation, and treatment.

**WHEREFORE**, the foregoing grounds considered, plaintiffs demand a judgment against defendant in an amount deemed appropriate under the circumstances, plus the costs of this action.

## COUNT III
### UNINSURED/UNDERINSURED MOTORIST COVERAGE
### ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY;
### ATLANTIC SPECIALTY INSURANCE COMPANY

17.   Plaintiffs adopt and re-allege the allegations set forth in items one through sixteen above, as if set out in full herein.

18.   On or about October 23, 2021, upon a public roadway, to-wit: Old Highway 20 in Colbert County, Alabama, defendant Savage negligently and/or wantonly operated a motor vehicle in that he failed to maintain a proper lookout thereby striking the Plaintiff.

19.   Plaintiff William Douglas sustained bodily injury as outlined above.

20.   Prior to said automobile wreck, defendants, ("Allstate Property & Casualty Insurance Company" and "Atlantic Specialty Insurance Company"), for valuable consideration, issued a policy of automobile insurance that covered Plaintiffs for injuries and losses caused by uninsured and/or underinsured motorists.  This policy was in full force and effect at the time of said wreck and provided that would pay Plaintiffs all sums to which he/she becomes entitled by virtue of being injured as a result of the negligent and/or wanton operation of a motor vehicle by an uninsured and/or underinsured motorist.

21.   Plaintiff William Douglas is entitled to compensation from for:

a)   Medical expenses;

b)   Pain and suffering on account of personal injury;

c)   Mental anguish on account of personal injury;

d)    Permanent injuries;

e)    Disfigurement;

f)    Property damage;

g)    Future medical expenses;

h)    Loss of earnings; and

i)    Loss of earning capacity.

22.    Plaintiff Holly Douglas is entitled to damages for loss of consortium and out of pocket expenses for the care, rehabilitation, and treatment of her husband William Douglas.

23.    Plaintiffs make a demand for all available uninsured and/or underinsured motorist benefits to which they are legally entitled to recover pursuant to any insurance contract(s) issued by defendants, including, but not limited to, medical payments coverage, uninsured/underinsured coverage, loss of consortium, and personal injury protection.

**WHEREFORE**, the foregoing grounds considered, Plaintiffs make a claim for all available uninsured and/or underinsured motorist benefits pursuant to his insurance contract with defendants.

## COUNT IV
## Fictitious Defendants A-M

24.    Plaintiffs adopt and re-allege the allegations set forth in items one through twenty-three, above, as if set out in full herein.

25.    Plaintiffs allege and aver that the negligent or wanton acts and/or omissions of Fictitious Defendants A through M proximately caused and/or combined and concurred with the negligence or wantonness of Defendant to proximately cause Plaintiff's injuries and damages set forth in Counts One and Two, above.

26.    The true names and identities of Fictitious Defendants A-M are unknown to Plaintiff at this time and will be added by amendment in accordance with Rule 9 (h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

WHEREFORE, the foregoing grounds considered, Plaintiffs demand a judgment against Fictitious Defendants A through M. and/or other defendants, in an amount deemed appropriate under the circumstances, plus the costs of this action.

## COUNT V
## Fictitious Defendants N, O and P

27.     Plaintiffs adopt and re-allege the allegations set forth in items one through twenty-six, above, as if set out in full herein.

28.     Plaintiffs allege and aver that Fictitious Defendants N, O and P issued a policy of automobile insurance that covered the Plaintiff for injuries caused by uninsured and/or underinsured motorists at the time of the wreck on October 23, 2021.  To the extent that Defendant is an uninsured or underinsured motorist, Plaintiffs demand all available uninsured and/or underinsured motorist benefits pursuant to any insurance contract(s) with Fictitious Defendants N, O and P.

29.     The true names and identities of Fictitious Defendants N through P are unknown to the Plaintiff at this time and will be added by amendment in accordance with Rule 9(h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

**WHEREFORE**, the foregoing grounds considered, Plaintiffs demand a judgment against Fictitious Defendants N, O, P and/or other defendants, in an amount deemed appropriate under the circumstances, plus the costs of this action.

### PLAINTIFFS REQUEST TRIAL BY STRUCK JURY

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

*Siniard, Timberlake & League, P.C.*
Attorneys for Plaintiffs
125 Holmes Avenue
Huntsville, AL 35804
Telephone:  (256) 536-0770
Facsimile:  (256) 539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

**<u>SERVE DEFENDANTS VIA U.S. CERTIFIED MAIL</u>**

Michael Keith Savage
1450 1st Street
Leighton, AL 35646

Allstate Insurance Company
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Atlantic Specialty Insurance Company
641 South Lawrence Street
Montgomery, AL 36104

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** ) | |
| **HOLLY DOUGLAS,** ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | **Case No.: CV21-** _____ |
| **v.** ) | |
| ) | |
| **MICHAEL KEITH SAVAGE,** ) | |
| **ALLSTATE PROPERTY & CASUALTY** ) | |
| **INSURANCE COMPANY, ATLANTIC** ) | |
| **SPECIALTY INSURANCE COMPANY,** ) | |
| *et al.*; ) | |
| ) | |
| *Defendants*. ) | |

---

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
## ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

---

**COMES NOW** the plaintiff in the above-styled cause pursuant to Rule 33 of the *Alabama Rules of Civil Procedure* and propounds the following interrogatories to the defendant. Plaintiff requests that defendant answer these interrogatories as completely as possible based on the information available to the defendant, its agents, its attorneys, and its experts.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case.  The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

(a) "Incident" - The event or events, transactions, or occurrences made the basis of this suit;

(b) "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c) "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, tables, telex

messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, collision reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the *Alabama Rules of Civil Procedure* of any kind or character in your possession, custody or in control <u>or</u> known by you to exist.  Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the plaintiff, pursuant to Rule 33(c) of the *Alabama Rules of Civil Procedure*.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

1.    State the name, address, and any qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter of said expert's testimony, any and all opinions held by said experts and the facts known to the expert which relate to or form the basis of the expert's opinion.

2.     Is the defendant properly named in the complaint?  If not, please state the true and correct name of the person or other entity identified as the defendant in the complaint.

3.    Do you contend that the plaintiff William Douglas caused or contributed to cause the injuries alleged in the complaint?  If so, state each and every fact that is relied upon in support of your contention and provide the names and addresses of any person with knowledge of such facts.

4**.**    State whether you claim that either plaintiff made any statements or admissions with respect to the subject matter of this lawsuit and if so, state:

    (a)    Whether the statement or admission was written or oral;

    (b)    The date made;

    (c)    Identify the person to whom made;

    (d)    Where made, and;

    (e)    The contents of the statement or admission.

5.    Identify all persons who witnessed the occurrence alleged in the complaint.

**2**

6.     State whether you have knowledge or custody of any statements by any witness or person with knowledge pertaining to the subject matter of this lawsuit and if so, identify each such statement.

7.     State by name, firm name, affiliation name, business address, business telephone number and home address, each person defendant expects to call as an expert witness at the time of trial of this action.

8.     State whether or not you, your representative, agent and/or attorney, have taken any photographs or moving pictures of the plaintiff, and if so, please describe in detail when and where taken, and the circumstances surrounding same.

9.     At the time of the occurrence made the basis of this litigation, did this defendant have a policy of automobile insurance in effect that covered plaintiff for injured caused by uninsured and/or underinsured motorists?  If so, on what date was said policy issued?

10.    Was an investigation conducted concerning:

(a)     The collision in question?

(b)     Plaintiff's injuries?

(c)     Plaintiff's background?

(d)     Plaintiff's previous or subsequent medical history and condition?

(e)     Plaintiff's expenses and damages?

**If so, state:**

(i)     The name, etc., of the person who conducted and the person who requested each investigation;

(ii)    The date on which each investigation was conducted;

(iii)   The places where each investigation was performed;

(iv)    The name, etc., of the person now in custody of each written or recorded report (or recording, or video) made concerning each investigation;

(v)     The specific subject matter of each such investigation.

11.    Does the defendant contend that the plaintiff was in any way negligent; if so, what negligence, if any contributed to the plaintiff's injury?  Please be specific and give complete detail.

12.     Does the defendant contend that the plaintiff in some manner assumed the risk of injury to himself?  Please be specific and give complete detail.

13.     If the answer to any of the two (2) preceding interrogatories is in the affirmative, set forth each fact upon which defendant bases said contention, state the name of each witness who will testify to each of said facts, and identify the documentary, physical or expert evidence defendant contends supports such defense.

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

**Siniard, Timberlake & League, P.C.**
**Attorneys for Plaintiffs**
**125 Holmes Avenue**
**Huntsville, AL 35804**
**Telephone:  (256) 536-0770**
**Facsimile:  (256) 539-0540**
**siniard@law-injury.com**
**william.messervy@law-injury.com**
**bart.siniard@law-injury.com**

**PLEASE SERVE WITH COMPLAINT**.

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** )<br>**HOLLY DOUGLAS,** )<br> )<br> *Plaintiffs*, )<br> )<br>**v.** )<br> )<br>**MICHAEL KEITH SAVAGE,** )<br>**ALLSTATE PROPERTY & CASUALTY** )<br>**INSURANCE COMPANY, ATLANTIC** )<br>**SPECIALTY INSURANCE COMPANY,** )<br>*et al.*; )<br> )<br> *Defendants*. ) | **Case No.: CV21- _____** |

---

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
### ATLANTIC SPECIALTY INSURANCE COMPANY

---

**COMES NOW** the plaintiffs in the above-styled cause pursuant to Rule 33 of the *Alabama Rules of Civil Procedure* and propounds the following interrogatories to the defendant. Plaintiff requests that defendant answer these interrogatories as completely as possible based on the information available to the defendant, its agents, its attorneys, and its experts.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case.  The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

(a)    "Incident" - The event or events, transactions, or occurrences made the basis of this suit;

(b)    "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c)    "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, tables, telex

messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, collision reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the *Alabama Rules of Civil Procedure* of any kind or character in your possession, custody or in control <u>or</u> known by you to exist.  Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the plaintiff, pursuant to Rule 33(c) of the *Alabama Rules of Civil Procedure*.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

1.      State the name, address, and any qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter of said expert's testimony, any and all opinions held by said experts and the facts known to the expert which relate to or form the basis of the expert's opinion.

2.       Is the defendant properly named in the complaint?  If not, please state the true and correct name of the person or other entity identified as the defendant in the complaint.

3.      Do you contend that the plaintiff caused or contributed to cause the injuries alleged in the complaint?  If so, state each and every fact that is relied upon in support of your contention and provide the names and addresses of any person with knowledge of such facts.

4**.**      State whether you claim that the plaintiff made any statements or admissions with respect to the subject matter of this lawsuit and if so, state:

       (a)      Whether the statement or admission was written or oral;

       (b)      The date made;

       (c)      Identify the person to whom made;

       (d)      Where made, and;

       (e)      The contents of the statement or admission.

5.      Identify all persons who witnessed the occurrence alleged in the complaint.

6.      State whether you have knowledge or custody of any statements by any witness or person with knowledge pertaining to the subject matter of this lawsuit and if so, identify each such statement.

7.      State by name, firm name, affiliation name, business address, business telephone number and home address, each person defendant expects to call as an expert witness at the time of trial of this action.

8.      State whether or not you, your representative, agent and/or attorney, have taken any photographs or moving pictures of the plaintiff, and if so, please describe in detail when and where taken, and the circumstances surrounding same.

9.      At the time of the occurrence made the basis of this litigation, did this defendant have a policy of automobile insurance in effect that covered plaintiff for injured caused by uninsured and/or underinsured motorists?  If so, on what date was said policy issued?

10.      Was an investigation conducted concerning:

(a)      The collision in question?

(b)      Plaintiff's injuries?

(c)      Plaintiff's background?

(d)      Plaintiff's previous or subsequent medical history and condition?

(e)      Plaintiff's expenses and damages?

**If so, state:**

(i)      The name, etc., of the person who conducted and the person who requested each investigation;

(ii)      The date on which each investigation was conducted;

(iii)      The places where each investigation was performed;

(iv)      The name, etc., of the person now in custody of each written or recorded report (or recording, or video) made concerning each investigation;

(v)      The specific subject matter of each such investigation.

11.      Does the defendant contend that the plaintiff was in any way negligent; if so, what negligence, if any contributed to the plaintiff's injury?  Please be specific and give complete detail.

3

12.    Does the defendant contend that the plaintiff in some manner assumed the risk of injury to himself?  Please be specific and give complete detail.

13.    If the answer to any of the two (2) preceding interrogatories is in the affirmative, set forth each fact upon which defendant bases said contention, state the name of each witness who will testify to each of said facts, and identify the documentary, physical or expert evidence defendant contends supports such defense.

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

**Siniard, Timberlake & League, P.C.**
Attorneys for Plaintiffs
125 Holmes Avenue
Huntsville, AL 35804
Telephone:  (256) 536-0770
Facsimile:  (256) 539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

**PLEASE SERVE WITH COMPLAINT.**

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** | ) |
| **HOLLY DOUGLAS** | ) |
| | ) |
| *PlaintiffS,* | ) |
| | )    **Case No.: CV21- _____** |
| **v.** | ) |
| | ) |
| **MICHAEL KEITH SAVAGE,** | ) |
| **ALLSTATE PROPERTY & CASUALTY** | ) |
| **INSURANCE COMPANY, ATLANTIC** | ) |
| **SPECIALTY INSURANCE COMPANY;** | ) |
| *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

---

### PLAINTIFFS' FIRST INTERROGATORIES
### TO DEFENDANT MICHAEL KEITH SAVAGE

---

**COMES NOW** the plaintiffs in the above-styled cause pursuant to Rule 33 of the *Alabama Rules of Civil Procedure* and propound the following interrogatories to this defendant. Plaintiffs request that defendant answer these interrogatories as completely as possible based on the information available to this defendant, their agents, their attorneys, and medical or liability experts.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case.  The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

(a)     "Incident" - The event or events, transactions, or occurrences made the basis of this suit;

(b)     "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c)     "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, tables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations,

contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, incident reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the *Alabama Rules of Civil Procedure* of any kind or character in your possession, custody or in control <u>or</u> known by you to exist.  Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the plaintiff, pursuant to Rule 33(c) of the *Alabama Rules of Civil Procedure*.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

1.     Is the Defendant properly named in the complaint?  If not, please state the true and correct name of the person or other entity identified as the Defendant in the complaint.

**ANSWER:**

2.     Please state:

    a.  your full name (including middle named, and all names by which you have been known at any time, including aliases and nicknames);
    b.  birthdate;
    c.  Social Security Number; and
    d.  residential and business addresses at time of incident and current addresses, if different.

**ANSWER:**

3.     Please state whether you possessed a valid driver's license at the time of the incident. If so, please state:

    a.  the driver's license number and State, date of issue, and date of expiration;
    b.  any imposed restrictions;
    c.  any special endorsements, including, but not limited to, commercial driver's license, school bus, and/or other endorsements in effect at the time of the incident; and
    d.  whether your license has ever been revoked or suspended, for any reason at any time, and if so, please state the date, reason/charge, and outcome.

**ANSWER:**

4.     Please provide the name, address, and phone number of:

    a.  any passenger present in the vehicle you were driving at time of incident;

b.  the owner of the vehicle you were driving at time of incident; and

c.  each individual present at or near the incident scene of the occurrence of the incident, including those who arrived after the incident.

**ANSWER:**

5.      Please provide the name, address, and phone number of any other individual or witness who has/may have knowledge concerning the issues of the incident made basis of this suit and the substance of their information or expected testimony if called to trial.

**ANSWER:**

6.      State the name, address, phone number, and any qualifications of:

a.  each individual who may be called as an expert witness at trial;

b.  the subject matter of said expert's testimony;

c.  any and all opinions held by said experts, and

d.  the documents reviewed or facts known to the expert which relate to or form the basis of the expert's opinion

7.      Accounting for each hour individually, please state in detail your activities for the twenty-four (24) hour period prior to the incident made the basis of this litigation.  Specifically:

a.  where you had been immediately prior to the incident;

b.  where you were going at the time of the incident; and

c.  the purpose of the trip.

**ANSWER:**

8.      Please state whether you consumed any alcoholic beverages, drugs (whether prescription, over the counter, or illegal,), or medications within 24 hours before the incident.   If your answer is affirmative, please state the:

a.  form, name, and type of substance consumed;

b.  prescriber and pharmacy used;

c.  quantity/dosage consumed;

d.  time and place consumed;

e.  reason for use; and

f.  the identity of any witness to said consumption.

**ANSWER:**

9.      Describe how the incident occurred and state specifically and in detail what your claim or contention will be regarding any cause or contributing cause of the incident.

**ANSWER:**

10.     State the speed of your vehicle at all times material to the incident, including the specific speed of your vehicle at the time of impact.  If your brakes were applied at the time of impact, please state your speed before applying the brakes.

**ANSWER:**

11.    Please state how many feet it took for you to come to a complete halt after hitting Plaintiff's vehicle.

**ANSWER:**

12.    Please state how many times you had previously traveled the roadway on which the incident occurred and what typical time frame of day you traveled said roadway.

**ANSWER:**

13.    Please list each and every injury to your person or property resulting from the incident.

**ANSWER:**

14.    At the time of the incident, were you wearing any kind of eyeglasses or contact lens?  If so, state:

      a.   type & prescription of glasses or contacts;
      b.   how long you have worn same and for what reason;
      c.   name and address of the doctor who prescribed same; and
      d.   name and address of any optometrist and/or ophthalmologist who has administered eye examinations on you in the last five (5) years

**ANSWER:**

15.    Please provide the name, address, date of service, and reason for service for each and every medical provider, including, but not limited to, physicians, psychiatrists, psychologists, counselors, hospitals, clinics, outpatient facilities and any other medical personnel or entities that have treated you in the **five (5) years prior** to the incident.

**ANSWER:**

16.    Please provide the name, addresses, date of service and reason for service for each and every medical provider, including, but not limited to, physicians, psychiatrists, psychologists, counselors, hospitals, clinics, outpatient facilities and any other medical personnel or entities that have treated you **since** the incident, including but not limited to those medical providers seen as a direct result of the incident made the basis of this lawsuit.

**ANSWER:**

17.    State the name, address, and any qualifications of each expert who may be called as an expert witness at the trial of this case, the subject matter of said experts' testimony, any and all opinions held by said experts and the facts known to the expert which relate to or form the basis of the expert's opinion.

**ANSWER:**

18.     Please state whether you have ever been treated for alcohol or drug abuse.  If so, please specify the:

        a.  type of treatment;
        b.  primary treating physician;
        c.  where treatment was administered;
        d.  the length of treatment;
        e.  when the treatment was administered; and
        f.  result of the treatment.

**ANSWER:**

19.     Please state whether you have been diagnosed with any form of illnesses, disorders, diseases, physical challenges, mental challenges, seizures and/or any other health related problems.  If so, please specify in detail:

        a.  type of medical issue;
        b.  date diagnosed;
        c.  name and address of physician who diagnosed medical problem;
        d.  description of the course of treatment in regard to said medical problem;
        e.  description of the side effects created by the medical problem(s).

**ANSWER:**

20.     Please state your educational history.

**ANSWER:**

21.     From five years prior to the incident to the present date, please state:

        a.  All employer names and addresses;
        b.  dates of each employment;
        c.  type of work performed;
        d.  name, address, and phone number of manager/supervisor; and
        e.  reason if no longer with employer.

**ANSWER:**

22.     List each and every traffic violation for which you have received a ticket or citation, including the agency that issued the ticket or citation, the date each ticket or citation was issued, the violation that was committed, and the resolution of each such ticket or citation.

**ANSWER:**

23.     List each and every automobile collision in which you have been involved prior collision prior to or after the incident made the basis of this lawsuit? If so, please state:

     a.  date and location;
     b.  name, address, and phone number of all individuals involved in the incident;
     c.  how the collision occurred;
     d.  the extent of property damage and/or bodily damage; and
     e.  the resolution of said collision.

**ANSWER:**

24.     State whether you have been in the past or are presently a Plaintiff or Defendant in any lawsuit or administrative action other than this case, and if so, identify:

     a.  date, type of matter;
     b.  the names of the parties to each lawsuit or action;
     c.  court and case number for each such case;
     d.  disposition of matter.

**ANSWER:**

25.     Please state whether you have ever been charged and/or convicted of a criminal offense and/or crime, including but not limited to misdemeanors and felonies; if so, please state the:

     a.  date and location where offense/crime occurred;
     b.  type and nature of criminal offense and/or crime;
     c.  case number; and
     d.  disposition and/or sentencing for each offense.

**ANSWER:**

26.     Please state the purpose, origination, and destination of your trip being made at the time of incident.

**ANSWER:**

27.     Were you working or "on the job" for any person or entity at the time of the incident made the basis of Plaintiff's claim? If so, please identify the other person or entity.

**ANSWER:**

28.     Were you transporting any equipment, tools, packages, items, materials or any other tangible thing for any other person or entity at the time of the incident made the basis of Plaintiff's claim?  If so, please:

     a.  specify what you were transporting, including the amount, quantity, and method of securing same; and

      b.   identify the owner, entity, or other individual for whom you were transporting said items or other tangible things.

**ANSWER:**

29.    Did any other person or entity pay for, reimburse, or compensate you monetarily or otherwise, for your time and/or mileage, and/or for any expense, damage, or other cost you incurred for the trip you were making at the time of the incident made the basis of Plaintiff's claim? If so, please state the:

      a.   reason for said payment, compensation, or reimbursement;
      b.   person or entity making said payment, compensation, or reimbursement and to whom; and
      c.   type, amount, and or method of payment, compensation, or reimbursement provided.

**ANSWER:**

30.    For any cell phone in your name, which you had access to, or which you were authorized to use (either for business or personal reasons) at the time of the incident, state the:

      a.   name of provider;
      b.   address of provider;
      c.   telephone number;
      d.   account number;
      e.   name of account holder; and
      f.   address of account holder.

**ANSWER:**

31.    At the time of the incident, or immediately prior to the incident, state whether you, or any passenger in your vehicle, were "using" or in any way engaged in any activity on a mobile phone device which would distract your attention from the purpose of driving your vehicle (*e.g.*, talking, texting, placing a call, receiving a call or text, checking voicemail, using the web browser, or using any other application such as navigation or music streaming, etc.)?  If so, please describe the manner of use, including the specific application used or state the name, phone number, and address of any and all persons spoken to, called or received a call or text from, and the substance of the call/text.

**ANSWER:**

32.    Please list all forms of social medical and electronic communication in which you participate or have every participated, including but not limited to text messages, e-mails, photographs, videos, posts to social media such as Facebook, Instagram, Snapchat, Twitter, YouTube, X-Box Live, Pinterest, or blogs which are not subject to privilege, including all "usernames."

**ANSWER:**

33.     Please detail any social media or electronic communication constituting communications between Plaintiff and the Defendant, or the Defendant and any third party(s) regarding the incident made the basis of this lawsuit, the Plaintiff, the Plaintiff's friends and/or family, the Plaintiff's injuries received in this lawsuit, damage to any vehicle in this incident, and/or the Defendant's activities on the date of the incident.

**ANSWER:**

34.     Have you deleted any social media or electronic communication constituting communications between Plaintiff and the Defendant, or the Defendant and any third party(s) regarding any aspect of the incident made the basis of this lawsuit, including remarks about the Plaintiff?  If so, please provide a narrative of all such deleted communications, including the entity (email, Facebook, etc.) utilized, whether the communication was a "generic" post or directed to anyone specific.

**ANSWER:**

35.     Has any party advised you to limit, close, or delete any social media activity and/or account?  If so, please advise who, and why.

**ANSWER:**

36.     State the names of any and all relatives, whether by blood or marriage, who are over the age of seventeen and reside in the county in which this suit is filed.

**ANSWER:**

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

***Siniard, Timberlake & League, P.C.***
Attorneys for Plaintiffs
125 Holmes Avenue
Huntsville, AL 35804
Telephone:  (256) 536-0770
Facsimile:  (256) 539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

**PLEASE SERVE WITH COMPLAINT.**

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** | ) |
| **HOLLY DOUGLAS,** | ) |
| | ) |
| *Plaintiffs*, | ) |
| | )   **Case No.: CV21- _____** |
| **v.** | ) |
| | ) |
| **MICHAEL KEITH SAVAGE,** | ) |
| **ALLSTATE PROPERTY & CASUALTY** | ) |
| **INSURANCE COMPANY, ATLANTIC** | ) |
| **SPECIALTY INSURANCE COMPANY,** | ) |
| *et al.*; | ) |
| | ) |
| *Defendants*. | ) |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

**COMES NOW** the plaintiff and propounds the following Requests for Production of Documents to Defendant Allstate Property & Casualty Insurance Company:

In accordance with the provisions of Rule 34 of the *Alabama Rules of Civil Procedure*, you are hereby requested to produce and identify the documents and other things described herein. You are requested to produce copies or permit Plaintiff to inspect and copy each of the following documents:

1.      Please produce a copy of the entire claims file for the collision made the basis of plaintiff's claims. This includes but is not limited to a copy of any and all statements from any persons, correspondence to or from any persons, reports, and photographs that concern or in any way relate to the collision made the basis of plaintiff's claims and the claims and investigation file or files of any insurance adjuster, investigator and/or risk employee, including but not limited to activity sheets, diary sheets, status sheets, internal memoranda, reports/findings of investigators (both in-house and/or outside sources).

2.      Please produce a copy of any and all insurance agreements or policies under which any person or entity may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse defendant(s) for payments made in satisfaction of any judgment, including, but not limited to any uninsured or underinsured motorist policy covering plaintiff(s) or the vehicle he or she was driving when the collision occurred.

3.     Please produce a complete copy of any and all applicable insurance policies, including policy declaration pages.

4.     Please produce curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case.

5.     Please produce a copy of any and all reports made by any experts and/or collision re-constructionists that concern or relate to the collision made the basis of this lawsuit. Including, but not limited to all information and facts that provide the basis for any conclusions or opinions contained in any such reports.

6.     Please produce copies of any photographs depicting any damage to the plaintiff's vehicle or the defendant's vehicle; the scene of the collision; or injuries to the parties.

7.     Any documents prepared during the regular course of business as a result of the incident complained of in plaintiff's complaint.

8.     Any and all documents of any nature whatsoever which refer in any way to the incident described in plaintiff's complaint and/or the facts or circumstances leading up to and following said incident.

9.     Copies of any and all photographs, recordings, statements, diagrams, drawings, charts, models, movie films or videotapes which relate, refer or pertain to plaintiffs, any other party to this action, the incident site and/or any instrumentality involved in the incident described in plaintiff's complaint.

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

**Siniard, Timberlake & League, P.C.**
Attorneys for Plaintiffs
125 Holmes Avenue
Huntsville, AL 35804
Telephone: (256) 536-0770
Facsimile: (256) 539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

**PLEASE SERVE WITH COMPLAINT.**

2

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **WILLIAM DOUGLAS;** | ) | |
| **HOLLY DOUGLAS,** | ) | |
|  | ) | |
| *Plaintiffs*, | ) | |
|  | ) | **Case No.: CV21-** _____ |
| **v.** | ) | |
|  | ) | |
| **MICHAEL KEITH SAVAGE,** | ) | |
| **ALLSTATE PROPERTY & CASUALTY** | ) | |
| **INSURANCE COMPANY, ATLANTIC** | ) | |
| **SPECIALTY INSURANCE COMPANY,** | ) | |
| *et al.*; | ) | |
|  | ) | |
| *Defendants*. | ) | |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
## OF DOCUMENTS TO ATLANTIC SPECIALTY INSURANCE COMPANY

**COMES NOW** the plaintiffs and propounds the following Requests for Production of Documents to Defendant Atlantic Specialty Insurance Company:

In accordance with the provisions of Rule 34 of the *Alabama Rules of Civil Procedure*, you are hereby requested to produce and identify the documents and other things described herein. You are requested to produce copies or permit Plaintiff to inspect and copy each of the following documents:

1.      Please produce a copy of the entire claims file for the collision made the basis of plaintiff's claims. This includes but is not limited to a copy of any and all statements from any persons, correspondence to or from any persons, reports, and photographs that concern or in any way relate to the collision made the basis of plaintiff's claims and the claims and investigation file or files of any insurance adjuster, investigator and/or risk employee, including but not limited to activity sheets, diary sheets, status sheets, internal memoranda, reports/findings of investigators (both in-house and/or outside sources).

2.      Please produce a copy of any and all insurance agreements or policies under which any person or entity may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse defendant(s) for payments made in satisfaction of any judgment, including, but not limited to any uninsured or underinsured motorist policy covering plaintiff(s) or the vehicle he or she was driving when the collision occurred.

3.      Please produce a complete copy of any and all applicable insurance policies, including policy declaration pages.

4.      Please produce curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case.

5.      Please produce a copy of any and all reports made by any experts and/or collision re-constructionists that concern or relate to the collision made the basis of this lawsuit.  Including, but not limited to all information and facts that provide the basis for any conclusions or opinions contained in any such reports.

6.      Please produce copies of any photographs depicting any damage to the plaintiff's vehicle or the defendant's vehicle; the scene of the collision; or injuries to the parties.

7.      Any documents prepared during the regular course of business as a result of the incident complained of in plaintiff's complaint.

8.      Any and all documents of any nature whatsoever which refer in any way to the incident described in plaintiff's complaint and/or the facts or circumstances leading up to and following said incident.

9.      Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to plaintiffs, any other party to this action, the incident site and/or any instrumentality involved in the incident described in plaintiff's complaint.

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

**Siniard, Timberlake & League, P.C.**
Attorneys for Plaintiffs
125 Holmes Avenue
Huntsville, AL 35804
Telephone:  (256) 536-0770
Facsimile:  (256) 539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

**PLEASE SERVE WITH COMPLAINT.**

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS;                     )
HOLLY DOUGLAS,                       )
                                     )
    *Plaintiff*,                     )
                                     )   **Case No.: CV21- _____**
v.                                   )
                                     )
MICHAEL KEITH SAVAGE,                )
ALLSTATE PROPERTY &                  )
CASUALTY INSURANCE                   )
COMPANY, ATLANTIC SPECIALTY          )
INSURANCE COMPANY, *et al.*;         )
                                     )
    *Defendants*.                   )

---

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MICHAEL KEITH SAVAGE

---

In accordance with the provisions of Rule 34 of the *Alabama Rules of Civil Procedure*, you are hereby requested to produce and identify the documents and other things described herein. You are requested to produce copies or permit plaintiff to inspect and copy each of the following documents:

1.     A color copy of the front and back of your driver's license.

**RESPONSE:**

2.     A copy of any and all insurance agreements or policies under which any person or entity may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse Defendant(s) for payments made in satisfaction of any judgment, including, but not limited to any liability insurance policy covering Defendant or the vehicle he or she was driving when the incident occurred.

**RESPONSE:**

3.     A copy of all ownership, title, and registration papers regarding vehicles you owned at the time of the incident made the basis of this lawsuit, including but not limited to registration certificates.

**RESPONSE:**

    4.    Copies of any and all photographs, videos, and audio recordings of depicting any damage to any vehicle involved in the incident, the scene of the incident, or injuries to the parties.

**RESPONSE:**

    5.    A copy of any all tickets or citations received as a result of the incident that is the basis of this lawsuit.

**RESPONSE:**

    6.    A copy of any drawings, maps, or sketches of the scene of the incident that is the basis of this lawsuit.

**RESPONSE:**

    7.    A copy of any and all statements previously made by any party, including the Plaintiff, Defendant, witnesses, investigators, or agent, representative or employee of the parties concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff and any stenographic, mechanical, electrical, or other type or recording or any transcription thereof.

**RESPONSE:**

    8.    A copy of any contract of employment that would govern your employment relationship with any other person or entity at the time of the incident that is the basis of this lawsuit.

**RESPONSE:**

    9.    A list of the names, addresses and phone numbers of any witnesses with knowledge of the incident that is the basis of this lawsuit.

**RESPONSE:**

    10.    A complete and current curriculum vitae or resume for each individual whom you may call as an expert witness at the trial of this case, with a list of publications authored by that individual, and a complete listing of other cases in which they have testified (at trial or by deposition), within the past ten (10) years.

**RESPONSE:**

    11.    A statement of the compensation paid and to be paid for any potential expert's study and testimony.

**RESPONSE:**

12.    All correspondence, including billing matters, between you and your counsel and that of any <u>potential</u> expert witness.

**RESPONSE:**

13.    A copy of all notes, memos, preliminary opinions and/or conclusions of any <u>potential</u> expert witness and a copy of all final opinions and/or conclusions of any <u>potential</u> expert witness, with the <u>specific</u> basis for each opinion and/or conclusion.

**RESPONSE:**

14.    All data, literature, or other matters referenced, reviewed, considered or relied upon in any manner by any <u>potential</u> expert witnesses, including in forming any opinions or conclusions.

**RESPONSE:**

15.    Documents which evidence or relate to each and every motor vehicle incident you have been involved in, including, but not limited to:

        a.  the date and location of the incident;
        b.  parties involved
        c.  a description of how the incident occurred;
        d.  a copy of each and every incident report; and
        e.  a copy of each and every complaint filed if a lawsuit was initiated.

**RESPONSE:**

16.    Documents which, in any way, reflect or reveal your point of origin and your destination for the trip you were making when the incident made the basis of this lawsuit occurred.

**RESPONSE:**

17.    A copy of any and all reports made by any experts and/or incident re-constructionists that concern or relate to the incident made the basis of this lawsuit. This includes but is not limited to all information and facts that provide the basis for any conclusions or opinions contained in any such reports.

**RESPONSE:**

18.    A copy of the vision prescription for any eyeglasses and/or contacts worn by you at the time of the incident.

**RESPONSE:**

19.    A copy of a prescription printout showing all medication prescribed for you and or filled by you three months prior and up to the date of the incident.

**RESPONSE:**

20.    Any and all documents which support your contentions and/or your version of the events set forth in your Answer to Plaintiff's Complaint.

**RESPONSE:**

21.    A list of names and contact information of anyone having knowledge of the incident that is the basis of the Complaint.

**RESPONSE:**

22.    A list of each and every exhibit you intend to offer or use in the trial of this cause and copies of the exhibits.

**RESPONSE:**

23.    Each article or thing you intend to offer or use in the trial of this cause to demonstrate, illustrate, aid or assist the testimony of any witness, including models, facsimiles, subjects or articles.

**RESPONSE:**

24.    All scientific treatises, books, documents, or treatises of any authority on the subject or the issue of the lawsuit, or any authoritative text or document in any way relating, concerning, or pertaining to or which support your contentions and/or your version of the events set forth in your Answer to Plaintiff's Complaint.

**RESPONSE:**

25.    Each governmental text, authority, or document pertaining to or relating to the incident, equipment, machinery, design, assembly, conduct, or activity in any way relating, concerning, or pertaining to or which support your contentions and/or your version of the events set forth in your Answer to the Complaint filed in this matter.

**RESPONSE:**

26.     Any and all diaries, logs, notes, calendars or other writing material created, kept or maintained by you regarding the incident made the basis of this lawsuit.

**RESPONSE:**

27.     Produce a list of any and all lawsuits (past or present) in which you have been a party (Plaintiff or Defendant).  This should include the civil action number of any such lawsuits, location of filing, current disposition and identify Plaintiff and defense counsel. Attach a copy of any lawsuit, discovery document or depositions related to any such matter which are in your possession.

**RESPONSE:**

28.     Copies of each and every document received by you from a third party in response to a subpoena or a non-party subpoena. This document request includes, but is not limited to, documents previously received and documents received through the course of this litigation. Please remember you have a duty to supplement this request every time you receive a document from a non-party that you subpoena.

**RESPONSE:**

29.     Copies of all medical records for any treatment received by you on the date of the incident made the basis of this action, including, but not limited to any toxicology reports.

**RESPONSE:**

30.     All documents identified in your answers to Interrogatories.

**RESPONSE:**

31.     Any documents which afforded liability insurance for the incident which is the subject matter of Plaintiff's complaint.

**RESPONSE:**

32.     Any documents prepared during the regular course of business as a result of the incident complained of in Plaintiff's complaint.

**RESPONSE:**

33.     All maintenance records concerning the vehicle being driven by the Defendant on the date of the incident for the two (2) years prior to the auto incident.

**RESPONSE:**

34.     A list of the names, addresses and telephone numbers of all witnesses you intend to call at the trial of this case.

**RESPONSE:**

35.     Produce copies of electronically stored information, including but not limited to text messages, e-mails, Facebook, Instagram, Snapchat, Twitter, YouTube, X-Box Live, Pinterest, or blogs  or other postings, not subject to privilege, constituting communications between Plaintiff and the Defendant, or the Defendant and any third party regarding the incident made the basis of this lawsuit, the Plaintiff's injuries received in this lawsuit, damage to any vehicle in this incident, and/or the Defendant's activities on the date of the incident.

**RESPONSE:**

36.     Any and all paperwork showing when the brakes, signal device, steering apparatus, lights and tires on the motor vehicle you were operating had last been inspected prior to said incident, and by whom.  If paperwork is not available, please provide a list of the business and/or person performing this service(s).

**RESPONSE:**

37.     Produce the entire contents of any and all social networking websites – including but not limited Facebook, Twitter, LinkedIn, XboxLive, Instagram, SnapChat, Path, Foursquare, MySpace, and Google Plus – to which you have posted any information from the date of the incident to the present. This includes the contents of any web page associated with your account and/or any web page under your control, and it includes all data associated with the account, like written statements and photographs. Production of any material from Facebook is requested in the manner provided by Facebook using the "Download Your Information" feature, instructions for which are available at:

   http://www.facebook.com/video/video.php?v=10150292657680484&ref=mf.

**RESPONSE:**

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

***Siniard, Timberlake & League, P.C.***
Attorneys for Plaintiffs
125 Holmes Avenue
Huntsville, AL 35804
Telephone:  (256) 536-0770
Facsimile:  (256) 539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

## PLEASE SERVE WITH COMPLAINT.

ELECTRONICALLY FILED
2/10/2022 12:06 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **WILLIAM DOUGLAS,** | ) | |
| **HOLLY DOUGLAS** | ) | |
|  | ) | |
| *Plaintiffs*, | ) | |
|  | ) | **Case No.: CV21- _____** |
| **v.** | ) | |
|  | ) | |
| **MICHAEL KEITH SAVAGE,** | ) | |
| **ALLSTATE PROPERTY &** | ) | |
| **CASUALTY INSURANCE COMPANY,** | | |
| **ATLANTIC SPECIALTY INSURANCE** | | |
| **COMPANY,** *et al.,* | | |
|  | | |
| *Defendants*. | | |

---

### NOTICE OF TAKING DEPOSITION

---

PLEASE TAKE NOTICE that the undersigned party to this cause will take the deposition by oral examination of the following named party at the time, date and place indicated before a court reporter or some other person authorized by law to take depositions.  This deposition will continue from time to time until completed.

|  |  |
|---|---|
| DEPOSITION OF: | Michael Keith Savage |
| PLACE: | SINIARD, TIMBERLAKE & LEAGUE, P.C.<br>125 Holmes Avenue NE<br>Huntsville, Alabama 35801 |
| DATE: | TBD |
| TIME: | TBD |
| COURT REPORTER: | Arranged for by Plaintiff's counsel through<br>FREEDOM COURT REPORTING |

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)

/s/ William L. Messervy
William L. Messervy (MES011)

/s/ Bart Siniard
Bart Siniard (SIN027)

***Siniard, Timberlake & League, P.C.***
125 Holmes Avenue
Huntsville, AL 35804
Telephone:  (256) 536-0770
Facsimile:  (256) 539-0540
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

**PLEASE SERVE WITH COMPLAINT.**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael Keith Savage
1450 1st Street
Leighton, AL 35646



9590 9402 6153 0209 1913 57

2. Article Number (Transfer from service label)

7020 1290 0001 5890 2943

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

2/18

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ured Mail
☐ ____ured Mail Restricted Delivery
       (____er $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
MARK R. EADY
CIRCUIT COURT CL

2022 FEB 23 AM 8:

CV2022900037

Colbert County Courthouse
Attn: Circuit Court Clerk
201 N Main Street
Tuscumbia, AL 35674

USPS TRACKING #

9590 9402 6153 0209 1913 57

United States
Postal Service

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____ ☒ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

FEB 18 2022

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate Insurance Company
c/o CT Corporation System
2 N. Jackson St. Ste 605
Montgomery, AL 36104

9590 9402 6678 1060 8626 02

2. Article Number (Transfer from service label)

7018 0680 0001 0653 9501

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

USPS TRACKING #

9590 9402 6678 1060 8626 02

MONTGOMERY AL 360

10 FEB 2022 PM 4 L

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Colbert County Courthouse
Attn: Circuit Court Clerk
201 N Main Street
Tuscumbia, AL 35674

CV-22-900061

FILED IN OFFICE
K.R. EADY
CIRCUIT COURT CLERK
2022 FEB 23 AM 8:21

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Atlantic Specialty Insurance Co.
641 South Lawrence St.
Montgomery, AL 36104

9590 9402 6153 0209 1913 40

2. Article Number *(Transfer from service label)*

7020 1290 0001 5890 2950

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Kelly Webster*    ☑ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
Kelly Webster                      2-15-22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ~~ured Mail~~
☐ ~~ured Mail Restricted Delivery~~
   (~~ver $500)~~

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

MONTGOMERY AL 360

24 FEB 2022 PM 3 L

9590 9402 6153 0209 1913 40

CV 22-9000000

Colbert County Courthouse
Attn: Circuit Court Clerk
201 N Main Street
Tuscumbia, AL 35674

2022 FEB 28 AM 9: 54

United States
Postal Service

CIRCUIT COURT CLE
MARK R. EADY
FILED IN OFFICE

ELECTRONICALLY FILED
3/1/2022 2:03 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS and** ) | |
| **HOLLY DOUGLAS,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CV-2022-900027** |
| ) | |
| **MICHAEL KEITH SAVAGE,** ) | |
| **ALLSTATE PROPERTY &** ) | |
| **CASUALTY INSURANCE** ) | |
| **COMPANY, and ATLANTIC** ) | |
| **SPECIALTY INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Michael Keith Savage, defendant in the above-styled cause, and for answer

to the plaintiffs' Complaint states as follows:

### FIRST DEFENSE

This defendant pleads not guilty.

### SECOND DEFENSE

This defendant pleads that venue is improper.

### THIRD DEFENSE

This defendant pleads that service is improper.

### FOURTH DEFENSE

This defendant denies each and every material allegation and demands strict proof thereof.

### FIFTH DEFENSE

This defendant pleads the affirmative defense of contributory negligence.

### SIXTH DEFENSE

This defendant pleads he was confronted with a sudden emergency.

1

**SEVENTH DEFENSE**

This defendant denies that the plaintiffs are injured to the extent as alleged in the Complaint and demands strict proof thereof.

**EIGHTH DEFENSE**

Defendant asserts Ala. Code §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., 782 So.2d 223 (Ala. 2000), as his Eighth Affirmative Defense.  Plaintiffs claim damages for expenses which have been, or which will be reimbursed or paid, in part or in full.

**NINTH DEFENSE**

This defendant asserts that he is entitled to a set off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein, pursuant to Williams v. Colquitt, 272 Ala. 577, 133 So.2d 364 (Ala. 1961), and its progeny.

**TENTH DEFENSE**

This defendant pleads the defense of lack of subject matter jurisdiction.

**ELEVENTH DEFENSE**

This defendant pleads the defense of lack of jurisdiction over the person.

**TWELFTH DEFENSE**

This defendant pleads the doctrines of estoppel and waiver.

**THIRTEENTH DEFENSE**

This defendant pleads the doctrine of inconsistent positions as a defense to plaintiffs' allegations.

**FOURTEENTH DEFENSE**

This defendant states this matter is due to be dismissed as the Complaint was filed outside of the applicable statute of limitations.

## FIFTEENTH DEFENSE

With regard to punitive damages, this defendant pleads the following punitive damages defenses:

1.  Plaintiffs' claims of punitive damages violates the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, and Article I Section 6 of the Constitution of Alabama, on the following grounds:

    a.  It is in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil defendants upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    d.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    e.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    f.  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

g.   The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportioned, or bear a reasonable relationship, to the actual harm incurred.

h.   The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

2.   Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.   It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendants upon the plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendants;

c.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

e.   The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

3.   Plaintiffs' attempt to impose punitive or extra-contractual damages on the Defendant, on the basis of vicarious liability for the conduct by others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

4.   The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Alabama Constitution.

5.   The award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

6.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 6, of the Alabama Constitution.

## SIXTEENTH DEFENSE

This defendant pleads release, accord, and satisfaction.

## SEVENTEENTH DEFENSE

This defendant pleads that the plaintiffs have failed to mitigate their damages.

## EIGHTEENTH DEFENSE

This defendant pleads that the plaintiffs voluntarily assumed the risk that they would be harmed.

## NINETEENTH DEFENSE

This defendant specifically reserves the right to amend his answer as future discovery may dictate.

/s/ Shelley Lewis
Shelley Lewis (LEW055)
Attorney for Defendant
Michael Keith Savage

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 1st day of March, 2022.

5

**Tommy H. Siniard**
**William L. Messervy**
**Bart Siniard**
**SINIARD, TIMBERLAKE & LEAGUE, PC**
**125 Holmes Avenue**
**Huntsville, Alabama 35804**

**/s/ Shelley Lewis**
OF COUNSEL

ELECTRONICALLY FILED
3/1/2022 2:07 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

20-COLBERT

Revised 3/5/08

Cas

☐ District Court   ☑ Circuit Court

CV2

| WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL | **CIVIL MOTION COVER SHEET** |
| --- | --- |
| | *Name of Filing Party:* D003 - SAVAGE MICHAEL KEITH |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

SHELLEY DANIELLE LEWIS MS.

115 MANNING DRIVE, SUITE 201B

HUNTSVILLE, AL 35801

*Attorney Bar No.:* LEW055

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
| --- | --- |
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 3/1/2022 2:06:06 PM | Signature of Attorney or Party /s/ SHELLEY DANIELLE LEWIS MS. |
| --- | --- | --- |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
3/1/2022 2:07 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM DOUGLAS and<br>HOLLY DOUGLAS,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KEITH SAVAGE,<br>ALLSTATE PROPERTY &<br>CASUALTY INSURANCE<br>COMPANY, and ATLANTIC<br>SPECIALTY INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)     CV-2022-900027<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR A QUALIFIED PROTECTIVE ORDER
## PURSUANT TO 45 C.F.R. § 164.512(3)

COMES NOW Michael Keith Savage, a defendant in the above-styled cause, by and through counsel, and respectfully requests that this Honorable Court enter, pursuant to 45 C.F.R. §164.512(3), a protective order, allowing the defendant to obtain information from the plaintiffs' health care providers and health care plans. In support of this motion, the defendant shows unto this Honorable Court as follows:

1. The physical condition of the plaintiffs is at issue in this litigation. The Complaint alleges that the plaintiffs claim personal injury.

2. The defendant is entitled to issue subpoenas to plaintiffs' health care providers and health care plans requesting information and documentation regarding plaintiffs' medical records and charges for medical treatment.

3. The defendant anticipates that plaintiffs' health care providers and health care plans are subject to the privacy requirements set forth at 45 C.F.R. §164.512(3) and are prohibited from disclosing information regarding plaintiffs absent a qualified protective order

pursuant to 45 C.F.R. §164.512(3).

4.  The defendant avers that any information received from plaintiffs' health care providers and/or health care plans will exclusively be used and disclosed only for the purpose of this litigation.

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests this Honorable Court enter a protective order pursuant to 45 C.F.R. §164.512(3) authorizing plaintiffs' health care providers and health care plans to disclose protected health information to the parties for the purposes of this litigation only.

/s/ Shelley Lewis
Shelley Lewis (LEW055)
Attorney for Defendant
Michael Keith Savage

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 1st day of March, 2022.

**Tommy H. Siniard**
**William L. Messervy**
**Bart Siniard**
**SINIARD, TIMBERLAKE & LEAGUE, PC**
**125 Holmes Avenue**

/s/ Shelley Lewis
OF COUNSEL

ELECTRONICALLY FILED
3/1/2022 2:07 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM, | ) |
| DOUGLAS HOLLY, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.:       CV-2022-900027.00 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | |
| SAVAGE MICHAEL KEITH, | ) |
| Defendants. | ) |

## HIPAA ORDER

Upon compliance with Rule 45 of the *Alabama Rules of Civil Procedure*, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to the plaintiffs, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to the plaintiffs.

Subject to the provisions of Rule 26 or the *Alabama Rules of Civil Procedure* pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patients family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be constructed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
3/1/2022 2:09 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS and** | ) |
| **HOLLY DOUGLAS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **CV-2022-900027** |
| | ) |
| **MICHAEL KEITH SAVAGE,** | ) |
| **ALLSTATE PROPERTY &** | ) |
| **CASUALTY INSURANCE** | ) |
| **COMPANY, and ATLANTIC** | ) |
| **SPECIALTY INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

### <u>NOTICE TO CLERK OF FILING DISCOVERY</u>

TO:   Circuit Court Clerk

Please take notice that the following discovery document has been filed on behalf

of Defendant:

(X)   Defendant's First Set of Interrogatories to Plaintiffs

(X)   Defendant's Request for Production to Plaintiffs

/s/ Shelley Lewis
Shelley Lewis (LEW055)
Attorney for Defendant
Michael Keith Savage

<u>**OF COUNSEL:**</u>
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 1st day of March, 2022.

**Tommy H. Siniard**
**William L. Messervy**
**Bart Siniard**
**SINIARD, TIMBERLAKE & LEAGUE, PC**
**125 Holmes Avenue**
**Huntsville, Alabama 35804**


**/s/ Shelley Lewis**
OF COUNSEL

ELECTRONICALLY FILED
3/1/2022 2:09 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| **WILLIAM DOUGLAS and** | ) | |
| **HOLLY DOUGLAS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CV-2022-900027** |
| | ) | |
| **MICHAEL KEITH SAVAGE,** | ) | |
| **ALLSTATE PROPERTY &** | ) | |
| **CASUALTY INSURANCE** | ) | |
| **COMPANY, and ATLANTIC** | ) | |
| **SPECIALTY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

COMES NOW Michael Keith Savage, defendant in the above-styled case, and propounds the following interrogatories to the plaintiffs, separately and severally, to be answered in accordance with the Alabama Rules of Civil Procedure:

1. State your full name, residence address, business address, date of birth, social security number, driver's license number, and state of issue.

2. Describe each injury for which you make claim in this suit.

3. State the name and address of each medical provider that has treated you for injuries received in the accident made the basis of this suit.

4. Describe all injuries you claim are permanent and how each injury disables you.

5. Describe any injuries you suffered prior to this accident, including what part of your body was injured, how you were injured, the date of the injury, the medical providers who treated you for the injury, and whether the injury was permanent.

6. Describe in detail any pre-existing medical conditions, illnesses, or disabilities that you had prior to this accident.

7. State the name and address of each medical provider you treated with in the fifteen (15) years before this accident and what they treated you for.

8. Please list all pharmacies you have used in the last fifteen (15) years.

9. At the time of this accident, please state whether you were insured or covered under any type of health or medical insurance (including Medicaid), workman's compensation insurance, automobile insurance medical payments coverage, or any other collateral source which provided health and/or medical benefit coverage or payments on your behalf to health care providers for any of the injuries or damages you are claiming in this lawsuit and, if so, state:

   a. The name of the health insurer.
   b. The amount of any subrogation claim.
   c. Whether the subrogation claim has been paid or otherwise satisfied.

10. Pursuant to Federal law, specifically Section 111 of the Medicare, Medicaid, and SCHIP Reporting Extension Act of 2007 and the Medicare as Secondary Payer Act, 42 U.S.C. 1395 as amended, state whether you are a current Medicare beneficiary, or whether you have applied for Medicare beneficiary status or Social Security Disability since the date of the accident in your complaint.  If so, state:

   a. Your Medicare number.
   b. When you became Medicare eligible.
   c. The amount of any Medicare subrogation claim related to this accident.
   d. When you applied for Social Security Disability benefits.
   e. Why you applied for Social Security Disability benefits.

11. State the name and address of your employer(s) for the past fifteen (15) years, including the dates of employment.

12. If you are making a claim for lost wages as a result of this accident, state:

   a. The specific date(s) and hours you claim to have missed because of the accident made the basis of this suit.
   b. Your hourly wage at the time of the accident made the basis of this suit.
   c. The number of hours you worked per week immediately prior to the accident made the basis of this suit.
   d. The amount of your weekly earnings immediately prior to the accident made the basis of this suit.
   e. The total amount of lost wages or income you claim.
   f. Whether a doctor wrote you an excuse to miss work and, if so, provide his/her name.

13. State whether you were an insured under any UM/UIM policies on the date of this accident and:

   a. Whether the vehicle you were operating at the time of the accident had any UM/UIM coverage and, if so, the name of the insurer and the policy limits of each UM/UIM policy.

b.  Whether you were considered an "insured" under any *other* policy(ies) of UM/UIM coverage and, if so, the name of the insurer and the policy limits of each UM/UIM policy.

14. State your current spouse's name if you are married, and indicate the names of any and all previous spouses, including addresses and the outcome of each prior marriage.

15. Have you ever filed a lawsuit for any injury or damages arising out of any occurrence prior to or subsequent to the incident made the basis of this suit?  If so, state the style, court, case number, name of your attorney, and current disposition of case.

16. Have you ever been convicted of a crime?  If so, state:  crime or offense charged with, date charged, city, state and county where charged, and outcome.

17. Have you ever filed for bankruptcy?  If so, state the date you filed and in which court you filed.

18. Have you ever filed an insurance claim for any injury or damages arising out of any occurrence prior to or subsequent to the accident made the basis of this suit (other than medical insurance claims)?  If so, describe any claims filed by you or on your behalf, giving the date of the event leading to the claim, the date of the claim, nature of the claim, name and address of the insurance carrier, insurance policy number, claim number, name of your attorney, and current disposition of claim.

19. Have you ever made a claim for worker's compensation benefits?  If so, please state:

a.  To whom such claim was made.
b.  The status of such claim.
c.  Whether benefits or medical expenses were paid as a result of this claim and if so, the nature and amount of benefits or medical expenses paid and the entity to whom said payments were made.
d.  The name, position or title, address, and phone number of the company representative, insurance representative, and any other individuals with whom you discussed, negotiated and/or settled your claim.

20. If a workman's compensation claim has been filed on plaintiff's behalf as a result of the incident made the basis of this suit, produce the following documents:

a.  Any and all documents showing medical payments made on plaintiff's behalf, whether to a medical care provider or directly to plaintiff.
b.  Any and all documents showing workers compensation benefits, disability benefits, or lost wage benefits paid to plaintiff.
c.  Any and all documents showing the current status or final disposition of any worker's compensation or disability claim.

21. Have you ever or are you currently receiving any benefits paid pursuant to a disability plan (including Social Security), retirement plan or other plan provided for sick pay?  If so, please state:

    a. The type of plan.
    b. The business/entity the plan is funded by.
    c. When you began receiving benefits.
    d. The reason you began receiving benefits.
    e. The amount of the benefits you receive monthly.
    f. The length of time you have remaining to receive benefits.
    g. The attorney's name and address, if any used, who helped you obtain these disability benefits.

22. State whether or not you consumed any alcoholic beverages, prescription drugs, or non-prescription drugs within twenty-four (24) hours prior to the accident made the basis of this suit, and if so, state:

    a. The type of beverage or drug consumed.
    b. When you consumed it.
    c. Where you consumed it.
    d. The quantity consumed by you.
    e. Who prescribed the drug.

23. With regard to the vehicle which you were operating or in which you were riding at the time of the accident complained of, please state:

    a. The name and address of the owner.
    b. The name and address of the driver.
    c. On whose behalf was such vehicle being operated at the time of the accident?

24. State the name, address, and phone number of each person accompanying you at the time of the accident made the basis of this suit.

25. From what point had you departed prior to the accident complained of and where were you going?

26. Describe in detail how the accident occurred.

27. State whether any conversation took place between you, the driver of Defendant's vehicle, or anyone else at the accident site, including:

    a. The name, address and phone number of each person present during such conversation.
    b. What statements were made by you during such conversation?
    c. What statements were made by the Defendant during such conversation?

28. State whether you contend that the Defendant had consumed any alcoholic beverages or other type of intoxicating substance prior to the accident complained of, and, if so, whether you contend that the consumption of such alcoholic beverages or other type of intoxicating substance contributed in any manner to the accident complained of.

29. State the name, address and phone number of each person who has knowledge of the accident made the basis of this suit, including witnesses.

30. Give the name and address of every person from whom Plaintiff, or anyone on Plaintiff's behalf, has obtained a statement, either oral or in writing, concerning the facts surrounding the accident.

31. State whether, <u>subsequent</u> to this accident, you have been injured in any manner and, if so, state:

   a.  The date of each such injury.
   b.  The extent of the injury.
   c.  How you were injured.
   d.  Any permanent disability resulting from any said injury.

32. State whether you have received any traffic citations within the past ten (10) years.  If your answer is in the affirmative, state:

   a.  The date of the occurrence.
   b.  The offense(s) charged, if any.
   c.  Whether you were convicted of any offenses and the fine or penalty levied.

33. State whether you have ever been involved in any other traffic accidents.  If your answer is in the affirmative, state:

   a.  Date of accident.
   b.  Location of accident.
   c.  Damages and/or injuries you sustained in accident.

34. State whether you make any claim in this suit for damage to the vehicle in which you were riding at the time of the occurrence made the basis of this suit and, **if so**, state:

   a.  The make, year, model, and mileage of said vehicle.
   b.  From whom said vehicle was purchased, giving the name and address.
   c.  The amount paid for the vehicle.
   d.  Whether such vehicle was repaired and, if so, state the cost of repairs and the name and address of the person or company making such repairs.
   e.  Whether you sold the vehicle and, if so, state the amount you sold it for and the name of the individual who purchased it.

35. State whether you claim any other expense incurred by you as a result of the occurrence made the basis of this suit and, if so, state:

    a.   The name and address of the person or company to whom this expense was incurred.
    b.   The amount of such expense.
    c.   Attach hereto a copy of the bill for such expense.
    d.   State whether such expense has been paid and, if so, by whom.

36. Have any liens been filed against your personal property in any State based on child support delinquency and, if so, state which State, when the lien was filed, the amount of the lien, and whether or not it has been satisfied.

37. State whether you use or wear any type of fitness tracker or fitness application (*including but not limited to, FitBit, MisFit, Nike +, Garmin, Samsung Gear, Polar, Tom Tom, Basis, Jabra, iHealth, Apple Health, S Health, RunKeeper, RunTastic, WalkKeeper, Google Fit, Lose It*).  If yes, please state what tracker(s) and/or application(s).

38. State the name, address, and phone number of each person you expect to call as a witness at the trial of this case.

39. State whether you expect to call any expert witnesses at the trial of this case and, if so, state:

    a.   The name and address of each such expert.
    b.   The education, experience and qualifications of each such expert.
    c.   The subject matter upon which each such expert is expected to testify.
    d.   The substance of the facts and opinions to which the expert is expected to testify.
    e.   A summary of the grounds for each opinion.

40. Please state your cell phone number, provider, the name of the account holder, and the type of device you owned at the time of the accident.

41. Please state your educational background, including schools attended, dates of attendance, degrees awarded and specialty courses attended and/or degrees obtained.

42. List every family member or relative that you or your spouse has living in Colbert County.

43. Do you agree to supplement your answers to each and every interrogatory with any information you gain after answering these interrogatories?

44. Do you agree to correct these interrogatories if any of these answers become incorrect?

*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim.  Therefore, the undersigned*

*hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld on the basis of a privilege.*

/s/ Shelley Lewis
Shelley Lewis (LEW055)
Attorney for Defendant
Michael Keith Savage

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 1st day of March, 2022.

**Tommy H. Siniard**
**William L. Messervy**
**Bart Siniard**
**SINIARD, TIMBERLAKE & LEAGUE, PC**
**125 Holmes Avenue**
**Huntsville, Alabama 35804**

/s/ Shelley Lewis
OF COUNSEL

ELECTRONICALLY FILED
3/1/2022 2:09 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM DOUGLAS and | ) | |
| HOLLY DOUGLAS, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CV-2022-900027 |
| | ) | |
| MICHAEL KEITH SAVAGE, | ) | |
| ALLSTATE PROPERTY & | ) | |
| CASUALTY INSURANCE | ) | |
| COMPANY, and ATLANTIC | ) | |
| SPECIALTY INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>

COMES NOW Michael Keith Savage, defendant in the above-styled case, and pursuant to Rule 34 of the Alabama Rules of Civil Procedure, requests the plaintiffs, separately and severally, to produce the following documents for inspection and copying:

1. All records from all medical providers you saw as a result of this accident (including but not limited to, hospitals, doctors, physical therapists, chiropractors, etc.).

2. All medical bills, invoices, and receipts you contend were incurred as a result of this accident.

3. All of the Plaintiff's medical records obtained pursuant to subpoena or otherwise.

4. All of the Plaintiff's medical records reflecting treatment that occurred before the accident.

5. If you underwent toxicological testing following the accident, please produce true and correct copies of all such test results.

6. All Letters of Protection given to any medical provider who treated the Plaintiff in conjunction with the injuries claimed in connection with this suit.

7. All photographs of the Plaintiff which depict injuries, scars, and/or bear relevance to this suit.

8. All written communications that you have had with any of the Plaintiff's medical providers.

9. A copy of any health insurance card for any health insurance under which you were covered at the time of the accident made the basis of this suit.

10. A copy of your Medicare card, front and back.

11. A signed copy of the enclosed medical authorization allowing the defendant to obtain copies of your medical records.

12. If you are making a lost wage claim: Produce all state and federal income tax returns filed by you and any businesses you own for the last seven (7) years.

13. If you are making a lost wage claim: Produce pay stubs, pay checks, pay records and W-2s for the past seven (7) years.

14. All photographs taken of the accident scene, any vehicles involved in the accident, and any photographs taken of you which are intended to depict your injuries.

15. All photographs of the accident scene or roadway.

16. All photographs of the Plaintiff's vehicle, the Defendant's vehicle, or any other vehicles involved in the accident.

17. All dash cam or other video(s) taken of the accident or accident scene by you or anyone else.

18. All accident and/or incident reports concerning the accident, in addition to any and all documentation of the surrounding events.

19. All supplements and/or revisions to the accident report.

20. All diagrams of the accident scene.

21. All video recordings of the accident, if any.

22. All surveillance video of the defendant.

23. All statements taken of the defendant, including notes, transcripts, memorandums, or reports reflecting any such statements.

24. All statements taken of any other party or witness, including notes, transcripts, memorandums, or reports reflecting such statements.

25. All documents related to the plaintiff's vehicle involved in the accident made the basis of this case, including but not limited to:  any bills of sale, certificates of title, repair bills, repair estimates, subrogation receipts, insurance policies, and photographs.

26. All repair estimates pertaining to the vehicle being operated by Plaintiff at the time of the accident.

27. All invoices showing actual cost of repairs to the vehicle being operated by Plaintiff at the time of the accident.

28. All data you retrieved/downloaded from electronic control module(s) and/or event data recorder(s) contained in the vehicle operated by you at the time of the accident in whatever form it exists, whether electronic or documentary.

29. All data retrieved from communication and/or GPS tracking systems contained within the vehicle operated by you at the time of the accident

30. All policies of insurance which will, or may, provide uninsured/underinsured motorist coverage to you in connection with the occurrence made the basis of this suit.

31. Please produce any and all documents related to any disability benefits you are receiving from any agency including, but not limited to, an award letter and other documents regarding the nature of your disability, the frequency of any disability payments and the date of award of any disability benefits.

32. All documents, correspondence, memoranda, statements and/or invoices pertaining to any subrogation claim, lien, or right of reimbursement of any entity to any funds or proceeds you may receive through the disposition of this lawsuit.

33. Any first report of injury completed by you following the accident made the basis of this suit.

34. Any subrogation notices you have received relative to the accident made the basis of this suit.

35. Any hospital lien filed against you relative to this accident.

36. Any claim of a right of reimbursement or conditional payment demand received from any entity claim such a right against any recovery you might make in this suit

37. All call records for all telephonic device(s) owned and/or utilized by you during the month of the accident made the basis of this suit, including, but not limited to, the following:

    a. Records reflecting calls placed by you, and/or anyone acting on your behalf;
    b. Records reflecting calls received or missed by you, and/or anyone acting on your behalf.

38. All messaging records for all telephonic device(s) owned and/or utilized by you on the date of the accident made the basis of this suit, including, but not limited to, the following:

    a. Records reflecting text and/or SMS messages sent by you, and/or anyone acting on your behalf;
    b. Records reflecting text and/or SMS messages received by you/your device and/or anyone acting on your behalf.

39. A copy of all information and/or downloads of activities logged from any type of fitness tracker or fitness application (*including but not limited to, FitBit, MisFit, Nike +, Garmin, Samsung Gear, Polar, Tom Tom, Basis, Jabra, iHealth, Apple Health, S Health, RunKeeper, RunTastic, WalkKeeper, Google Fit, Lose It*) for the past six months.

40. Any social media post you claim has relevance to the accident made the basis of this suit, the parties or this litigation.

41. Copies of any communications you have had with the defendant through text message, electronic mail or social media concerning the accident made the basis of this suit.

42. A list of any prior suit to which you have been a party.

43. A list of any prior criminal charge made against you.

44. A copy of any documentation or evidence you possess which supports or tends to support a contention that the defendant was intoxicated or impaired at the time of the accident made the basis of this suit.

45. A copy of any documentation or evidence you possess which supports or tends to support a contention that the defendant was on the phone, texting or utilizing an electronic device at the time of or immediately prior to the accident made the basis of this suit

46. All expert Reports prepared in connection with this case.

47. Entire file of all experts that you intend to call to testify at the trial of this case.

48. Current curriculum vitae of all experts that you intend to call to testify at the trial of this case.

49. A list of each case in which your expert has rendered an opinion or given sworn testimony in the past ten (10) years.

50. All materials received pursuant to subpoena.

51. All evidence you intend to use at trial.

*Pursuant to Ala. R. Civ. P. 26(b)(5), if information otherwise discoverable is being withheld on a claim that it is privileged, that claim must be expressly made and, upon written request by a party, shall be supported by a description of the nature of the documents, communications, or things not produced sufficient to enable the demanding party to contest the claim. Therefore, the undersigned hereby requests submission of a "privilege log" within twenty-one (21) days if any documents or communications are being withheld on the basis of a privilege.*

**/s/ Shelley Lewis**
Shelley Lewis (LEW055)
Attorney for Defendant
Michael Keith Savage

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 1st day of March, 2022.

**Tommy H. Siniard**
**William L. Messervy**
**Bart Siniard**
**SINIARD, TIMBERLAKE & LEAGUE, PC**
**125 Holmes Avenue**
**Huntsville, Alabama 35804**

**/s/ Shelley Lewis**
OF COUNSEL

**<u>AUTHORIZATION FOR RELEASE OF MEDICAL CONFIDENTIAL INFORMATION AND RECORDS</u>**

TO:

I hereby give my permission for the Records Custodian to release the following information to Shelley Lewis, Esq., or her authorized representative, of the law offices of **Gaines, Gault & Hendrix; 115 Manning Drive, Suite 201B, Huntsville, AL 35801; (205) 402-4846**:

| | | | |
|---|---|---|---|
| * | Medical Records | * | Reports |
| * | Correspondence | * | Nurse's Notes |
| * | Operative reports | * | Insurance forms |
| * | Orders | * | Patient History Questionnaires |
| * | Summaries | * | Handwritten and typewritten notes |
| * | Charts | * | Memoranda |
| * | Consultation Reports | * | Therapy records (P.T., O.T., Speech, etc.) |
| * | Test results | * | Admission and Discharge Summaries |
| * | Emergency Room records | * | Out-Patient records |
| * | Flight Transport records | * | Prescriptions |
| * | Radiation Therapy records | * | Rehabilitation records |
| * | Lab Tests/reports | * | Pathology reports |
| * | Medication records | * | Statements and bills |
| * | Insurance claims | * | Disability statements |
| * | Videotapes | * | Records from other health care providers |
| * | Workers Compensation Claims | * | EEG and Brain Mapping Studies |
| * | X-rays, MRIs, CT scans, Angiograms, | * | Billing |

* X-rays, MRIs, CT scans, Angiograms, Myelograms, Discograms, Echocardiograms, Doppler studies, and all other radiological studies or imaging
* Any and all information relative to my physical condition

This release does NOT allow disclosure of HIV/AIDS, psychiatric, psychological, or alcohol and/or drug abuse information.  I understand that my records have a privileged and confidential status and that I am waiving that status for the purpose contained with this authorization.  **I understand that I have the right to refuse to sign this authorization and that my refusal will not affect my ability to obtain treatment or payment.**  I understand that the information disclosed by this authorization may be subject to re-disclosure by the recipient and will no longer be protected by the Health Insurance Portability and Accountability Act of 1996.  This authorization is for a continuing disclosure, valid for three (3) years after the date of my signature.  I understand this authorization may be revoked in writing although revocation will not be effective as to the disclosure of records whole release I have previously authorized.  A facsimile or photostatic copy of this authorization shall be considered as effective and valid as the original.

__x__    Please check this line if for legal purposes/issues.

**Patient's Full Name:** _____    **DOB:** _____

**Patient's Social Security Number:** _____

**Signature of Patient:** _____    **Date:** _____

**Signature of Representative:** _____    **Date:** _____

(If patient is a minor or unable to sign, legal guardianship/custody must be substantiated with legal documentation accompanying this authorization).

## (IF COSTS EXCEED $100.00, PLEASE CALL
## FOR APPROVAL PRIOR TO COPYING SAME.)

ELECTRONICALLY FILED
3/1/2022 2:58 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

|                                      |     |           |                  |
|--------------------------------------|-----|-----------|------------------|
| DOUGLAS WILLIAM,                     | )   |           |                  |
| DOUGLAS HOLLY,                       | )   |           |                  |
| Plaintiffs,                          | )   |           |                  |
|                                      | )   |           |                  |
| V.                                   | )   | Case No.: | CV-2022-900027.00 |
|                                      | )   |           |                  |
| ALLSTATE INSURANCE COMPANY,          | )   |           |                  |
| ATLANTIC SPECIALTY INSURANCE         | )   |           |                  |
| COMPANY,                             |     |           |                  |
| SAVAGE MICHAEL KEITH,                | )   |           |                  |
| Defendants.                          | )   |           |                  |

## HIPAA ORDER

Upon compliance with Rule 45 of the *Alabama Rules of Civil Procedure*, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to the plaintiffs, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to the plaintiffs.

Subject to the provisions of Rule 26 or the *Alabama Rules of Civil Procedure* pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health plan administrator, or other individual may grant or deny a request for an interview.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patients family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be constructed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE this 1st day of March, 2022.**

**/s/ KYLE W BROWN**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
3/17/2022 1:00 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS** **HOLLY DOUGLAS;** | **CIVIL ACTION NUMBER:** |
| **Plaintiff,** | **20-CV-2022-900027.00** |
| **vs.** | |
| **MICHAEL KEITH SAVAGE;** **ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY; ATLANTIC SPECIALTY INSURANCE COMPANY,** | |
| **Defendants.** | |

## ANSWER

**COMES NOW** the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and answers the complaint as follows, separately and severally:

1. The general issue is plead, each and every material allegation contained in the complaint is denied, and strict proof thereof is demanded.

2. The complaint fails to state claims upon which relief can be granted.

3. Defendant contests the extent of the alleged injuries to plaintiff and demands strict proof thereof.

4. Defendant avers that the accident was caused by a sudden emergency.

5. The Defendant raises the affirmative defense of contributory negligence.

6. The Defendant avers that venue is improper in this Court.

7. The Defendant avers that the Plaintiff's claims are barred by the applicable statute of limitations.

8. Defendant Allstate states that plaintiff was not insured by this Defendant and this Defendant is not legally obligated to the Plaintiff to any extent or degree.

9. The Defendant avers that he/she is entitled to either a set-off and/or credit of any amounts paid by any party or potential party to this litigation.

10. There has been insufficiency of process and insufficiency of service of process.

11. The Defendant avers that the accident at issue was proximately caused by the negligent and/or wanton acts and/or omissions of others on the occasion in question.

12. Defendant Allstate states that the Co-Defendant was not uninsured or underinsured and demands strict proof.

13. Defendant Allstate states that the Co-Defendant did not act negligently and/or wantonly and demands strict proof.

14. Defendant Allstate denies that Plaintiff was injured to the degree and extent claimed in the Complaint and demands strict proof thereof.

15. The Defendant avers that the accident at issue was caused by a superseding, intervening cause.

16. The Defendant avers that the Plaintiff has failed to name a real party in interest, to-wit:

17. The Defendant avers that the Plaintiff has failed to name an indispensable party, to-wit:

18. Defendant Allstate avers monetary limitations upon recovery set forth by contact as well as by applicable law.

19. Defendant avers that any liability against it is limited and restricted by the terms and condition of any applicable insurance policy, and herby raises all such limitations and restrictions as if completely set forth in full herein.

20. Defendant Allstate avers failure of conditions precedent to the maintenance of this lawsuit for contractual benefits.

21. Defendant denies that the Plaintiff is entitled to recover the items and amount of damages alleged in the complaint and demands strict proof thereof.

22. Defendant avers that it is entitled to either a set-off or credit to the extent of all available liability limits of any other Defendant.

23. Defendant Allstate reserves the right to opt out of the case in accordance with applicable law.

24. Defendant reserves the right to amend its Answer when discovery is completed.

**TRIAL BY STRUCK JURY IS DEMANDED**

/S/ Andrew Turpen
Andrew R. Turpen
Alabama Bar No. TUR079
Email:  andrew.turpen@allstate.com
Attorney for Defendant(s)

**OF COUNSEL**:
**Slaughter & Associates**
2600 Corporate Drive, Suite 110
Birmingham, AL 35242-2737
(205) 981-3721

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this date served a copy of the within and foregoing document upon:

Tommy H. Siniard, Esq.
William L. Messervy, Esq.
Bart Siniard, Esq.
SINIARD, TIMBERLAKE & LEAGUE, P.C.
125 Holmes Avenue.
Huntsville, AL 35804
Telephone: (256) 536-0770
Facsimile: (256) 539-0540
siniad@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com
Attorney for Plaintiff

by placing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage thereon to ensure delivery, and/or by Alafile.

This the  11th  day of March, 2022.

/s/ Andrew Turpen
OF COUNSEL

ELECTRONICALLY FILED
3/17/2022 1:01 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS
HOLLY DOUGLAS;

    **Plaintiff,**

vs.

MICHAEL KEITH SAVAGE;
ALLSTATE PROPERTY &
CASUALTY INSURANCE
COMPANY; ATLANTIC
SPECIALTY INSURANCE
COMPANY,

    **Defendants.**

**CIVIL ACTION FILE NO.**

**20-CV-2022-900027.00**

---

## NOTICE OF SERVICE OF DISCOVERY MATERIAL

I hereby certify that a copy of the following designated discovery material has this date been served upon counsel for all parties to this action by United States mail, first class postage prepaid and properly addressed:

[X] Interrogatories and Request for Production of Documents to Plaintiff

[ ] Defendant's Responses to Plaintiff's First Discovery

[ ] Request for Admissions to Plaintiff

[ ] Response to Plaintiff's Interrogatories

[ ] Response to Request for Production

[ ] Response to Request for Admissions

[ ] Notice of Deposition

[ ] Other: _____

By _____

       Andrew R. Turpen
       Alabama Bar No. TUR079
       Email:  andrew.turpen@allstate.com
       Attorney for Defendant(s)

**OF COUNSEL**:
**Slaughter & Associates**
2600 Corporate Drive, Suite 110
Birmingham, AL  35242-2737
(205) 981-3721

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing document upon:

Tommy H. Siniard, Esq.
William L. Messervy, Esq.
Bart Siniard, Esq.
SINIARD, TIMBERLAKE & LEAGUE, P.C.
125 Holmes Avenue.
Huntsville, AL 35804
Telephone: (256) 536-0770
Facsimile: (256) 539-0540
siniad@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com
Attorney for Plaintiff

by sending a copy of same via ShareFile, and/or by AlaFile.

This the   11th   day of March, 2022.

/s/ Andrew Turpen
_____
OF COUNSEL

ELECTRONICALLY FILED
3/17/2022 1:01 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

**WILLIAM DOUGLAS**

**HOLLY DOUGLAS;**

   **Plaintiff,**

vs.

**MICHAEL KEITH SAVAGE;**

**ALLSTATE PROPERTY &
CASUALTY INSURANCE
COMPANY; ATLANTIC**

**SPECIALTY INSURANCE
COMPANY,**

   **Defendants.**

**CIVIL ACTION NUMBER:**

**20-CV-2022-900027.00**

---

### DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF(S)

**COMES NOW** the Defendant(s), ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and propounds the following interrogatories and request for production of documents to the Plaintiff(s):

1. State your correct name, age, date of birth, social security number, residence address and name of your spouse.

2. List the name and address of each employer you have had during the past ten years, including the dates of employment and job title for each job.

3. State the name, address, and telephone number of each person known to you to have witnessed the accident, and/or of any person who has or may have knowledge concerning the issues involved in this civil action or any portion thereof.

4. Please describe fully any statements made by the Defendant involved in said accident following the occurrence of said accident.

5.      Please state whether the driver of any of the vehicles involved in the accident made the subject of this action had been drinking any intoxicating beverages or using any drugs within the 10 hours next preceding the said accident.  If so, please identify by name and address any such drinkers or drug users.

6.      Describe how the accident happened.

7.      List the name and address of each medical provider who has treated you during the ten (10) years prior to this accident.

8.      List each and every injury you received as a result of the accident in question.

9.      State the name and address of each medical provider who has treated you for the injuries you sustained that are described in the preceding answer.

10.     State the name and address of each hospital where you have been treated for injuries you sustained in the accident.

11.     Have your medical bills related to this accident been paid?  If so, list the amounts have been paid to each provider and by whom.

12.     Prior to this accident, have you ever received medical treatment to any part of your body, which you listed in your answer to Question Eight (8)?

    a)     State the name and address of each medical provider who treated you for such problems.

    b)     State the name and address of each hospital where you were treated for such injuries or problems.

13.     Make an itemized statement of all expenses incurred on account of your alleged injuries for doctors, hospitals, nurses, appliances and medicines.

14.     Please describe fully each and every personal injury that you have ever sustained either before or after the accident made the subject of this action.

15.     Do you claim to have a permanent scar and/or permanent disfigurement from the accident made the subject of this action?  If so, please describe the area of your body where the scar or disfigurement is located.

16.     Please identify by name and address any medical care provider who has given you any permanent disability rating.

17.     Do you claim any loss of income?

    a)     State the amount and explain how it was computed.

     b)    State the specific dates you missed work.

     c)    If you are claiming a loss of earning capacity, please explain in detail.

18.    Do you intend to call any expert witness or witnesses to testify in your behalf on the trial of this cause?  If so, state (a) the name and address of each expert witness you expect to call as a witness; (b) the subject matter on which said expert witness is expected to testify; and (c) the substance of the facts and opinions to which the said expert witness is expected to testify, stating a summary of the grounds of each opinion of said expert witness.

19.    Please identify each and every crime that you have ever been convicted of including the date and place of conviction.

20.    In this lawsuit, are you making a claim for damage to your vehicle?  If so, state the following:

     a)    That date you purchased your vehicle.

     b)    The place you purchased your vehicle.

     c)    The purchase price.

     d)    State whether your vehicle was repaired.

     e)    If it was repaired, state the name and address of the person or business that repaired it.

     f)    If it was repaired, state the cost of the repair.

     g)    If not repaired, state the amount of the repair estimate.

21.    Was your vehicle insured at the time of this accident?

     a)    If so, state the name of your insurer.

     b)    Did your insurer pay for the damage to your vehicle?

22.    Have you reached a settlement with the owner or operator of any other vehicle involved in the subject accident?

     a)    If so, state the name(s) of the party with whom you settled?

     b)    State the amount of the settlement.

     c)    State the amount of the policy limits of the party with whom you settled?

## **REQUEST FOR PRODUCTION**

The Defendant(s) requests that the Plaintiff(s) produce the following documents or things.  The Defendant(s) offers to pay the reasonable cost of reproducing the following:

1. Copies of any and all photographs of the accident scene.

2. Copies of any and all photographs reflecting the injuries received by the Plaintiff.

3. Income tax returns for the year of the accident; the two years preceding the year of the accident; and all subsequent years up through and including the year that this case is finally disposed of.

4. Copies of any and all medical bills incurred by the Plaintiff.

5. Copies of any and all medical reports, hospital records or doctor's records reflecting any examinations, tests or treatment received by the Plaintiff.

6. Names and addresses of any person from whom the Plaintiff or anyone acting on behalf of the Plaintiff has obtained a statement.

7. Copies of any and all photographs reflecting damages to any of the motor vehicles involved in the accident.

8. Copies of any and all documents in any form which refer to, relate to or reflect any costs or bills incurred by the Plaintiff in connection with the accident made the basis of your complaint or in connection with the alleged injuries of the Plaintiff.

9. Any and all notices from any health insurance carrier or other entity claiming a right of reimbursement or subrogation for any medical expenses paid to or on behalf of the Plaintiff.

10. Copy of statement, if taken from, the Defendant(s).

11. Repair Estimates of any vehicles involved in the accident.

12. Copies of any and all release(s) executed as result of any settlement the Plaintiff has reached for damages/injuries arising out of the accident at issue.

13. Copies of any and all settlement check(s) the Plaintiff has received as result of any settlement the Plaintiff has reached for damages/injuries arising out of the accident at issue.

/s/ Andrew Turpen
_____
Andrew R. Turpen
Alabama Bar No. TUR079
Email:  andrew.turpen@allstate.com
Attorney for Defendant(s)

**OF COUNSEL**:
**Slaughter & Associates**
2600 Corporate Drive, Suite 110
Birmingham, AL 35242-2737
(205) 981-3721

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a copy of the within and foregoing document upon:

Tommy H. Siniard, Esq.
William L. Messervy, Esq.
Bart Siniard, Esq.
SINIARD, TIMBERLAKE & LEAGUE, P.C.
125 Holmes Avenue.
Huntsville, AL 35804
Telephone: (256) 536-0770
Facsimile: (256) 539-0540
siniad@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com
Attorney for Plaintiff

by sending a copy of same via ShareFile, and/or by AlaFile.

This the  11th   day of March, 2022.

/s/ Andrew Turpen
_____
OF COUNSEL

ELECTRONICALLY FILED
3/18/2022 8:09 AM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

# STATE OF ALABAMA
**Unified Judicial System**

20-COLBERT

Revised 3/5/08

☐ District Court   ☑ Circuit Court

Cas

CV2

| WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL | **CIVIL MOTION COVER SHEET** |
|---|---|
| | *Name of Filing Party:* D002 - ATLANTIC SPECIALTY INSURANCE COMPANY |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

FRANKLIN PEEPLES BRANNEN JR.

600 PEACHTREE ST, STE 4700

ATLANTA, GA 30309

*Attorney Bar No.:* BRA136

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, o:other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☑ Extension of Time |
| ☐ Other | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
3/18/2022 8:07:33 AM

Signature of Attorney or Party
/s/ FRANKLIN PEEPLES BRANNEN JR.

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
3/18/2022 8:09 AM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM DOUGLAS,<br>HOLLY DOUGLAS;    )<br>)<br>Plaintiffs,    )<br>)<br>v.    )<br>)<br>MICHAEL KEITH SAVAGE; ALLSTATE)<br>PROPERTY & CASUALTY INSURANCE)<br>COMPANY; ATLANTIC SPECIALTY)<br>INSURANCE COMPANY,    )<br>)<br>Defendants.    )<br>) | CIVIL ACTION FILE NO.:<br>20-cv-2022-900027.00 |

## ATLANTIC SPECIALTY INSURANCE COMPANY'S
## <u>UNOPPOSED MOTION FOR EXTENSION OF TIME</u>

Defendant Atlantic Specialty Insurance Company ("ASIC") files this Unopposed Motion for Extension of Time, showing the Court as follows:

1) On February 10, 2022, Plaintiff filed its Complaint in this lawsuit.

2) ASIC's response to the lawsuit is due March 21, 2022.

3) ASIC respectfully requests an extension of time up to and included April 4, 2022 to file a response to the Complaint.

4) Plaintiff does not oppose this Motion for Extension of Time.

Respectfully submitted this 18th day of March, 2022.

4853-3534-5430.1

**LEWIS BRISBOIS BISGAARD
    & SMITH LLP**
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.348.8585
Facsimile: 404.467.8845
Frank.Brannen@lewisbrisbois.com
Seth.Friedman@lewisbrisbois.com

/s/ *Franklin P. Brannen*
FRANKLIN P. BRANNEN, JR.
Alabama Bar No. (BRA-136)

SETH M. FRIEDMAN
*pro hac vice to be submitted*

*Attorneys for Atlantic Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, the foregoing *Atlantic Specialty Insurance Company's Unopposed Motion for Extension of Time* has been electronically filed with the Clerk of Court via AlaFile, providing automatic electronic service to the following counsel of record:

Tommy H. Siniard
William L Messervy
Bart Siniard
Siniard, Timberlake & League, P.C.
125 Holmes Ave.
Huntsville, AL 35804
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

*Counsel for Plaintiffs*

Respectfully submitted this 18th day of March, 2022.

**LEWIS BRISBOIS BISGAARD**        /s/ *Franklin P. Brannen*
  **& SMITH LLP**                  FRANKLIN P. BRANNEN, JR.
600 Peachtree Street NE            Alabama Bar No. (BRA-136)
Suite 4700
Atlanta, Georgia 30308             SETH M. FRIEDMAN
Telephone: 404.348.8585            *pro hac vice to be submitted*
Facsimile: 404.467.8845
Frank.Brannen@lewisbrisbois.com    *Attorneys for Atlantic Specialty Insurance*
Seth.Friedman@lewisbrisbois.com    *Company*

ELECTRONICALLY FILED
3/18/2022 8:32 AM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM, | ) |
| DOUGLAS HOLLY, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.:        CV-2022-900027.00 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | |
| SAVAGE MICHAEL KEITH, | ) |
| Defendants. | ) |

## ORDER

UNNOPOSED MOTION FOR EXTENSION OF TIME filed by ATLANTIC SPECIALTY INSURANCE COMPANY is hereby GRANTED and Defendant's response to Plaintiff's Complaint shall be filed on or before April 4, 2022.

**DONE this 18th day of March, 2022.**

**/s/ KYLE W BROWN**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
4/4/2022 3:07 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM DOUGLAS, | ) | |
| HOLLY DOUGLAS; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 20-cv-2022-900027.00 |
| | ) | |
| MICHAEL KEITH SAVAGE; ALLSTATE | ) | |
| PROPERTY & CASUALTY INSURANCE | ) | |
| COMPANY; ATLANTIC SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ATLANTIC SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW Atlantic Specialty Insurance Company ("ASIC"), by and through undersigned counsel, and files its Answer and Defenses to Plaintiffs' Complaint for Damages, stating as follows:

### FIRST DEFENSE
(Failure to State a Claim)

The Complaint should be dismissed to the extent it fails to state a claim against ASIC upon which relief may be granted.

### SECOND DEFENSE

The injuries to Plaintiffs, if any, were caused by the negligent acts, omissions, or persons or parties over whom ASIC did not exercise any control or right to control and fault must be allocated to those persons or parties.

### THIRD DEFENSE

The injuries to Plaintiff(s), if any, were caused by the negligent acts, omissions, or persons or

parties over whom Defendants did not exercise any control or right to control and fault must be allocated to those persons or parties.

## FOURTH DEFENSE

Plaintiffs' claims are barred as William Douglas ("Mr. Douglas") assumed the risk of the damages being claimed.

## FIFTH DEFENSE

Mr. Douglas may have been the sole proximate cause of his injuries, and Plaintiffs are barred from recovering from ASIC.

## SIXTH DEFENSE

Plaintiffs' claims may be barred by Mr. Douglas' contributory negligence.

## SEVENTH DEFENSE

Plaintiffs' injuries and damages, if any, were caused by a superseding, intervening event for which ASIC cannot be held liable.

## EIGHTH DEFENSE

To the extent shown by the evidence, Mr. Douglas failed to exercise ordinary care for his own safety and, therefore, Plaintiffs are not entitled to recovery.

## NINTH DEFENSE

Mr. Douglas, by the exercise of ordinary care, could have avoided the consequences of any alleged act or failure to act of Defendant and, therefore, he is not entitled to recovery.

## TENTH DEFENSE

At all times, Defendant was in the exercise of that degree of care required by law and, therefore, Plaintiff may not recover from ASIC.

## ELEVENTH DEFENSE

ASIC denies any negligence or other wrongdoing in this case.

### TWELFTH DEFENSE

Plaintiffs' claims are barred or limited to the extent Mr. Douglas failed to mitigate his damages.

### THIRTEENTH DEFENSE

ASIC incorporates herein any and all defenses, including in particular affirmative defenses, set forth in the answers or responsive pleadings filed by other Defendants.

### FOURTEENTH DEFENSE

ASIC has, or may have, further and additional affirmative defenses which are not yet known to ASIC, but which may become known through future discovery. ASIC asserts each and every affirmative defense as it may be ascertained through future discovery here and reserves the right to amend its Answer to the Complaint to assert such additional Defenses and/or applicable contract terms, provisions, exclusions, conditions and limitations as may become apparent during the continuing course of discovery in this action.

### FIFTEENTH DEFENSE
(Contracts of Insurance Terms, Provisions,
Exclusions, Conditions and Limitations)

The claims asserted in the Complaint may be barred in whole or in part by the terms, provisions, exclusions, conditions and limitations in the insurance policy.

### SIXTEENTH DEFENSE

To the extent that Mr. Douglas was not an "occupant" as defined in the insurance Policy, Plaintiffs cannot recover under the insurance policy issued by ASIC.

### SEVENTEENTH DEFENSE

To the extent ASIC is entitled to an offset of payments, Plaintiffs cannot recover under the insurance policy issued by ASIC.

## EIGHTEENTH DEFENSE

ASIC objects to Plaintiffs' attempts to recover for special damages not specifically pled pursuant to Ala. R. Civ. P. Rule 9(g).

## NINETEENTH DEFENSE
### (Defenses Under Ala. R. Civ. P. Rule 8(c))

In further answer and defense, ASIC sets forth those additional affirmative defenses specifically enumerated Ala. R. Civ. P. Rule 8(c) in the event the evidence makes any such defenses applicable.

## TWENTIETH DEFENSE
### (Defenses Under Ala. R. Civ. P. Rule 12(b))

In further answer and defense, ASIC sets forth those defenses specifically enumerated in defenses under Ala. R. Civ. P. Rule 12(b) in the event the evidence makes any such defenses applicable.

## TWENTY-FIRST DEFENSE

By way of further defense, ASIC answers the numbered Paragraphs of the Complaint as follows:

### 1.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint; therefore, the allegations are denied.

### 2.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint; therefore, the allegations are denied.

### 3.

ASIC admits that it is an insurance corporation authorized to issue automobile insurance

policies within the State of Alabama. ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint; therefore, the allegations are denied.

4.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint; therefore, the allegations are denied.

5.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint; therefore, the allegations are denied.

**COUNT I – NEGLIGENCE & SUBSEQUENT NEGLIGENCE**
**MICHAEL KEITH SAVAGE**

6.

ASIC incorporates its responses to the allegations contained in Paragraphs 1 through 5 above as if fully restated.

7.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint; therefore, the allegations are denied.

8.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint; therefore, the allegations are denied.

9.

ASIC denies the allegations in Paragraph 9 of the Complaint.

10.

ASIC denies the allegations in Paragraph 10 of the Complaint.

Any allegations in the unnumbered WHEREFORE Paragraph following Paragraph 10 are

denied.

## COUNT II – WANTON CONDUCT
## MICHAEL KEITH SAVAGE

### 11.

ASIC incorporates its responses to the allegations contained in Paragraphs 1 through 10 above as if fully restated.

### 12.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint; therefore, the allegations are denied.

### 13.

ASIC denies the allegations in Paragraph 13 of the Complaint.

### 14.

ASIC denies the allegations in Paragraph 14 of the Complaint.

### 15.

ASIC denies the allegations in Paragraph 15 of the Complaint.

### 16.

ASIC denies the allegations in Paragraph 16 of the Complaint.

Any allegations in the unnumbered WHEREFORE Paragraph following Paragraph 16 are denied.

## COUNT III
## UNINSURED/UNDERINSURED MOTORIST COVERAGE
## ALLSTATE PROPERTY &CASUALTY INSURANCE COMPANY;
## ATLANTIC SPECIALTY INSURANCE COMPANY

### 17.

ASIC incorporates its responses to the allegations contained in Paragraphs 1 through 16 above as if fully restated.

18.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint; therefore, the allegations are denied.

19.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint; therefore, the allegations are denied.

20.

ASIC admits it issued and delivered to FedEx at 942 Shady Grove Rd. S, Memphis TN 38210 commercial automobile policy number  7940001630004 with a policy period of July 1, 2021 to July 1, 2022 ("ASIC Policy"), which ASIC Policy includes an uninsured motorist coverage part. Paragraph 20 of the Complaint concerning contains a legal conclusion to which no response is required.  To the extent a response required, ASIC denies any mischaracterization of the ASIC Policy inconsistent with its terms. ASIC is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint as it relates to Allstate Property & Casualty Insurance Company; therefore, those allegations are denied.

21.

ASIC denies the allegations in Paragraph 21 of the Complaint.

22.

ASIC denies the allegations in Paragraph 22 of the Complaint.

23.

Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint; therefore, the allegations are denied.

Any allegations in the unnumbered WHEREFORE Paragraph following Paragraph 23 are denied.

## COUNT IV
### Fictitious Defendants A-M

24.

ASIC incorporates its responses to the allegations contained in Paragraphs 1 through 24 above as if fully restated.

25.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint; therefore, the allegations are denied.

26.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint; therefore, the allegations are denied.

Any allegations in the unnumbered WHEREFORE Paragraph following Paragraph 26 are denied.

## COUNT V
### Fictitious Defendants N, O and P

27.

ASIC incorporates its responses to the allegations contained in Paragraphs 1 through 26 above as if fully restated.

28.

ASIC is without sufficient information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint; therefore, the allegations are denied.

29.

ASIC is without sufficient information to form a belief as to the truth of the allegations in

Paragraph 29 of the Complaint; therefore, the allegations are denied.

Any allegations in the unnumbered WHEREFORE Paragraph following Paragraph 29 are denied.

### TWENTY-SECOND DEFENSE

Plaintiffs are not entitled to relief for any reason against ASIC.

### TWENTY-THIRD DEFENSE

Any allegation not admitted, denied, or otherwise controverted, is hereby denied.

### TWENTY-FOURTH DEFENSE

ASIC denies the requests for relief in the Plaintiffs' Complaint, denies that it is indebted to the Plaintiffs and respectfully requests that the Court discharge it with all costs of court.

WHEREFORE, ASIC prays for the following relief:

(a)     that the prayers for relief in Plaintiffs' Complaint be denied;

(b)     that Plaintiffs' Complaint be dismissed in its entirety with all costs taxed against Plaintiffs;

(c)     that ASIC be awarded its costs of litigation, including attorneys' fees; and

(d)     for such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of April, 2022.

**LEWIS BRISBOIS BISGAARD**                  /s/ *Franklin P. Brannen*
   **& SMITH LLP**                              FRANKLIN P. BRANNEN, JR.
600 Peachtree Street NE                       Alabama Bar No. (BRA-136)
Suite 4700
Atlanta, Georgia 30308                        SETH M. FRIEDMAN
Telephone: 404.348.8585                       *pro hac vice to be submitted*
Facsimile: 404.467.8845
Frank.Brannen@lewisbrisbois.com
Seth.Friedman@lewisbrisbois.com               *Attorneys for Atlantic Specialty Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 4, 2022, the foregoing *Atlantic Specialty Insurance Company's Answer to Plaintiffs' Complaint for Damages* has been electronically filed with the Clerk of Court via AlaFile, providing automatic electronic service to the following counsel of record:

Tommy H. Siniard
William L Messervy
Bart Siniard
Siniard, Timberlake & League, P.C.
125 Holmes Ave.
Huntsville, AL 35804
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

*Counsel for Plaintiffs*

Respectfully submitted this 4th day of April, 2022.

**LEWIS BRISBOIS BISGAARD**              /s/ *Franklin P. Brannen*
  **& SMITH LLP**                          FRANKLIN P. BRANNEN, JR.
600 Peachtree Street NE                  Alabama Bar No. (BRA-136)
Suite 4700
Atlanta, Georgia 30308                   SETH M. FRIEDMAN
Telephone: 404.348.8585                  *pro hac vice to be submitted*
Facsimile: 404.467.8845
Frank.Brannen@lewisbrisbois.com          *Attorneys for Atlantic Specialty Insurance*
Seth.Friedman@lewisbrisbois.com          *Company*

- 10 -



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:   THOMAS H SINIARD
      siniard@law-injury.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

4/5/2022 8:10:11 AM

Hearing Date:      08/01/2022
Hearing Time:      10:10:00 AM           Central Time
Location:          Virtual Hearing

Notice Date:       4/5/2022 8:10:11 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  THOMAS BARTON SINIARD
     bart.siniard@law-injury.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

4/5/2022 8:10:11 AM

Hearing Date:    08/01/2022
Hearing Time:    10:10:00 AM          Central Time
Location:        Virtual Hearing

Notice Date:     4/5/2022 8:10:11 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  WILLIAM LEE MESSERVY
william.messervy@law-injury.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

4/5/2022 8:10:11 AM

Hearing Date:    08/01/2022
Hearing Time:    10:10:00 AM            Central Time
Location:        Virtual Hearing

Notice Date:     4/5/2022 8:10:11 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  ANDREW ROBERT TURPEN
     Andrew.Turpen@allstate.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

4/5/2022 8:10:11 AM

Hearing Date:     08/01/2022
Hearing Time:     10:10:00 AM              Central Time
Location:         Virtual Hearing

Notice Date:      4/5/2022 8:10:11 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  FRANKLIN PEEPLES BRANNEN JR.
     frank.brannen@lewisbrisbois.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

4/5/2022 8:10:11 AM

Hearing Date:    08/01/2022
Hearing Time:    10:10:00 AM              Central Time
Location:        Virtual Hearing

Notice Date:     4/5/2022 8:10:11 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  SHELLEY DANIELLE LEWIS MS.
     slewis@gghblaw.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

4/5/2022 8:10:11 AM

Hearing Date:    08/01/2022
Hearing Time:    10:10:00 AM          Central Time
Location:        Virtual Hearing

Notice Date:     4/5/2022 8:10:11 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To: CLERK COLBERT
clerk.colbert@alacourt.gov

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

4/5/2022 8:10:11 AM

Hearing Date:     08/01/2022
Hearing Time:     10:10:00 AM          Central Time
Location:         Virtual Hearing

Notice Date:      4/5/2022 8:10:11 AM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



ELECTRONICALLY FILED
6/15/2022 11:44 AM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS,           )
HOLLY DOUGLAS;             )
                           )
    Plaintiffs,            )
                           )    CIVIL ACTION FILE NO.:
v.                         )    20-cv-2022-900027.00
                           )
MICHAEL KEITH SAVAGE; ALLSTATE )
PROPERTY & CASUALTY INSURANCE )
COMPANY; ATLANTIC SPECIALTY )
INSURANCE COMPANY,         )
                           )
    Defendants.            )
                           )
_____ )

## JOINT STIPULATION OF DISMISSAL AS TO FEWER THAN ALL PARTIES (PRO TANTO DISMISSAL) WITH PREJUDICE

COME NOW Plaintiffs William Douglas and Holly Douglas and Defendant Atlantic Specialty Insurance Company ("ASIC"), pursuant to Ala. R. Civ. P. 41(a)(1)(ii), hereby file this Joint Stipulation of Dismissal As To Fewer Than All Parties (Pro Tanto Dismissal) With Prejudice of all claims pending in this case as against ASIC. The parties expressly state that this Joint Stipulation of Dismissal As To Fewer Than All Parties (Pro Tanto Dismissal) With Prejudice acts to dismiss all claims against ASIC that have been asserted in this civil action **with prejudice**. This lawsuit shall remain pending against Defendants Michael Keith Savage and Allstate Property & Casualty Insurance Company.

*[Signatures contained on next page.]*

Respectfully submitted this 15th day of June, 2022.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Franklin P. Brannen, Jr.

600 Peachtree St. NE
Suite 4700
Atlanta, GA 30309
404.348.8585 (t)
404.467.8845 (f)
Frank.brannen@lewisbrisbois.com
Seth.Friedman@lewisbrisbois.com

Franklin P. Brannen, Jr.
Alabama Bar No. BRA-136

SETH M. FRIEDMAN
*pro hac vice to be submitted*

*Attorneys for Atlantic Specialty Insurance Company*

**SINIARD, TIMBERLAKE & LEAGUE, P.C.**

/s/ Bart Siniard

125 Holmes Ave.
Huntsville, AL 35804
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com

Tommy H. Siniard
Alabama Bar No. SIN008
William L Messervy
Alabama Bar No. MES011
Bart Siniard
Alabama Bar No. SIN027

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing **JOINT DISMISSAL WITH PREJUDICE** was electronically filed with the Clerk of the Court using the AlaFile system, which will send notification of such filing to the following counsel of record at their e-mail addresses registered with AlaFile:

Tommy H. Siniard
William L Messervy
Bart Siniard
Siniard, Timberlake & League, P.C.
125 Holmes Ave.
Huntsville, AL 35804
siniard@law-injury.com
william.messervy@law-injury.com
bart.siniard@law-injury.com
*Counsel for Plaintiffs*

Andrew Turpen
2600 Corporate Drive, Suite 110
Birmingham, AL 35242
Andrew.turpen@allstate.com
*Counsel for Allstate Property & Casualty Insurance Company*

Shelley Lewis
Gaines Gaulty Hendrix
115 Manning Drive SW
Suite 201B
Huntsville, Alabama 35801
slewis@ggh-law.com
*Counsel for Defendant Keith Savage*

Respectfully submitted this 15th day of June, 2022.

**LEWIS BRISBOIS BISGAARD
& SMITH LLP**
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.348.8585
Facsimile: 404.467.8845
Frank.Brannen@lewisbrisbois.com
Seth.Friedman@lewisbrisbois.com

/s/ *Franklin P. Brannen*
FRANKLIN P. BRANNEN, JR.
Alabama Bar No. (BRA-136)

SETH M. FRIEDMAN
*pro hac vice to be submitted*

*Attorneys for Atlantic Specialty Insurance Company*



ELECTRONICALLY FILED
6/15/2022 3:41 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM, | ) |
| DOUGLAS HOLLY, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.:      CV-2022-900027.00 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | |
| SAVAGE MICHAEL KEITH, | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL AS TO FEWER THAN ALL PARTIES

Upon the Parties' Joint Stipulation of Dismissal as to Fewer than All Parties, it is hereby ORDERED by the Court that Plaintiff's claims against the Defendant, **Atlantic Specialty Insurance Company**, are DISMISSED, with  prejudice.

It is further ORDERED that this Order of Dismissal applies only to the Defendant named herein and Plaintiff's claims remain pending against all other Defendants.

**DONE this 15th day of June, 2022.**

/s/ KYLE W BROWN
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
6/27/2022 3:21 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

# STATE OF ALABAMA

**Revised 3/5/08**

**Unified Judicial System**

20-COLBERT

☐ District Court  ☑ Circuit Court

CV2

## CIVIL MOTION COVER SHEET

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL

*Name of Filing Party:* C001 - DOUGLAS WILLIAM
C002 - DOUGLAS HOLLY

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

WILLIAM LEE MESSERVY

POST OFFICE BOX 2767

HUNTSVILLE, AL 35804

*Attorney Bar No.:* MES011

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☑ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)   ☐

Date:
6/27/2022 3:20:36 PM

Signature of Attorney or Party
/s/ WILLIAM LEE MESSERVY

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
6/27/2022 3:21 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** ) | |
| **HOLLY DOUGLAS,** ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | **Case No.: CV22-900027** |
| **v.** ) | |
| ) | |
| **MICHAEL KEITH SAVAGE** *et al.*; ) | |
| ) | |
| *Defendants*. ) | |

## <u>MOTION TO WITHDRAW</u>

**COMES NOW** William Messervy, of the law firm of Siniard, Timberlake & League, P.C., and moves this Court for an Order allowing him to withdraw as counsel on behalf of the Plaintiff, and in support thereof, states as follows:

1.  As of July 1, 2022, co-counsel for Plaintiff, Tommy H. Siniard and Bart Siniard, will no longer be associated with the firm of Siniard, Timberlake & League, P.C.

2.  Tommy H. Siniard and Bart Siniard will continue practicing under the newly formed firm of Siniard Law, located at 511 Madison Street SE, Huntsville, AL 35801.

3.  Plaintiff has chosen to continue representation and pursuit of this pending lawsuit with Siniard Law.

4.  As such, William Messervy will no longer represent Plaintiff and Plaintiff is aware Siniard, Timberlake & League, P.C. will no longer be involved in their matter.

**WHEREFORE**, for good cause shown, the undersigned counsel respectfully requests that this Honorable Court grant him leave to withdraw as counsel of record for Plaintiff in this matter and order that he be removed from notice of all further pleadings, and such other, further relief as may be just and necessary.

*/s/ William L. Messervy*
William L. Messervy (MES011)

***Siniard, Timberlake & League, P.C.***
Attorneys for Plaintiffs
125 Holmes Avenue, Huntsville, AL 35804
T: (256) 536-0770 F: (256) 539-0540
E: WILLIAM.MESSERVY@LAW-INJURY.COM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2022, I electronically filed the foregoing with the Clerk of Court using the AlaFile system which will send notification of such filing to all attorneys of record.

**Andrew R. Turpen**
Attorney for Allstate
Slaughter & Associates
2600 Corporate Drive, Suite 110
Birmingham, AL 35242-2737
T: (205) 981-3721
Email: andrew.turpen@allstate.com

**Shelley Lewis**
Attorney for Keith Savage
Gaines Gaulty Hendrix
115 Manning Drive SW
Suite 201B
Huntsville, Alabama 35801
E: slewis@ggh-law.com

*/s/William L. Messervy*
William L. Messervy

ELECTRONICALLY FILED
6/27/2022 3:42 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM, | ) |
| DOUGLAS HOLLY, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.:        CV-2022-900027.00 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | |
| SAVAGE MICHAEL KEITH, | ) |
| Defendants. | ) |

## ORDER

MOTION TO WITHDRAW filed by MESSERVY WILLIAM LEE is hereby GRANTED.


**DONE this 27th day of June, 2022.**


                              **/s/ KYLE W BROWN**
                              _____
                              **CIRCUIT JUDGE**

ELECTRONICALLY FILED
7/15/2022 1:27 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

**STATE OF ALABAMA**   Revised 3/5/08   Cas

Unified Judicial System

20-COLBERT   ☐ District Court   ☑ Circuit Court   CV2

| | |
|---|---|
| WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL | **CIVIL MOTION COVER SHEET** |
| | *Name of Filing Party:* C001 - DOUGLAS WILLIAM C002 - DOUGLAS HOLLY |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

THOMAS BARTON SINIARD

511 Madison Street

HUNTSVILLE, AL 35801

*Attorney Bar No.:* SIN027

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☑ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemoraniously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 7/15/2022 1:20:07 PM | Signature of Attorney or Party /s/ THOMAS BARTON SINIARD |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.


ELECTRONICALLY FILED
7/15/2022 1:27 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** | ) |
| **HOLLY DOUGLAS,** | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) **Case No.: CV22-900027** |
| **v.** | ) |
| | ) |
| **MICHAEL KEITH SAVAGE,** | ) |
| **ALLSTATE PROPERTY & CASUALTY** | ) |
| **INSURANCE COMPANY, ATLANTIC** | ) |
| **SPECIALTY INSURANCE COMPANY,** | ) |
| *et al.*; | ) |
| | ) |
| *Defendants*. | ) |

### MOTION TO CONTINUE SCHEDULING CONFERENCE

COMES NOW, Bart Siniard, attorney for the plaintiffs, and moves to continue the above captioned case from its August 1, 2022 scheduling conference docket.

As grounds for said Motion, plaintiff's counsel states as follows: Undersigned counsel currently has a civil jury trial set on August 1, 2022 in front of Judge Mark Craig at the Lawrence County Courthouse at 8:00 a.m (*Rich v. Bloodworth*, 42-CV-2020-900069.) The case is fourth on the docket and is expected to be tried on August 1, 2022.

Respectfully submitted on this the 15th day of July, 2022.


/s/ Bart Siniard
Bart Siniard (SIN027)



**SINIARD LAW, LLC**
Attorney for Plaintiff
511 Madison Street SE
Post Office Box 18666
Huntsville, Alabama 35804
Telephone:  256-500-1199
Facsimile:  256-500-4052
Email: bart@siniardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, I electronically filed notice of the foregoing with the Clerk of Court using CM/ECF system and/or U.S. Mail which will send notification of such filing to the following:

Shelley Lewis, Esq.
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

Franklin Brannen, Esq.
Seth Friedman, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH LLP
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.348.8585
Facsimile: 404.467.8845
Frank.Brannen@lewisbrisbois.com
Seth.Friedman@lewisbrisbois.com

Andrew Turpen, Esq.
SLAUGHTER & ASSOCIATES
2600 Corporate Drive, Suite 110
Birmingham, AL 35242-2737
Telephone: (205) 981-3721


/s/ Bart Siniard
OF COUNSEL



ELECTRONICALLY FILED
7/15/2022 1:41 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM, | ) |
| DOUGLAS HOLLY, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.:      CV-2022-900027.00 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | |
| SAVAGE MICHAEL KEITH, | ) |
| Defendants. | ) |

## ORDER

MOTION TO CONTINUE filed by DOUGLAS WILLIAM and DOUGLAS HOLLY is hereby GRANTED and the Virtual Scheduling/Status Conference set for August 1, 2022 is continued and will be re-set via a separate Order.

**DONE this 15th day of July, 2022.**

**/s/ KYLE W BROWN**
**CIRCUIT JUDGE**



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  THOMAS H SINIARD
     siniard@law-injury.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following VIRTUAL HEARING was CANCELED


SCHEDULING/STATUS CONFERENCE

7/15/2022 1:42:39 PM


Notice Date:     7/15/2022 1:42:39 PM


MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  THOMAS BARTON SINIARD
     bart.siniard@law-injury.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following VIRTUAL HEARING was CANCELED

SCHEDULING/STATUS CONFERENCE
7/15/2022 1:42:39 PM

Notice Date:     7/15/2022 1:42:39 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To: WILLIAM LEE MESSERVY
william.messervy@law-injury.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following VIRTUAL HEARING was CANCELED

SCHEDULING/STATUS CONFERENCE
7/15/2022 1:42:39 PM

Notice Date:     7/15/2022 1:42:39 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  ANDREW ROBERT TURPEN
Andrew.Turpen@allstate.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following VIRTUAL HEARING was CANCELED

SCHEDULING/STATUS CONFERENCE
7/15/2022 1:42:39 PM

Notice Date:    7/15/2022 1:42:39 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:   FRANKLIN PEEPLES BRANNEN JR.
frank.brannen@lewisbrisbois.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following VIRTUAL HEARING was CANCELED

SCHEDULING/STATUS CONFERENCE
7/15/2022 1:42:39 PM

Notice Date:     7/15/2022 1:42:39 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  SHELLEY DANIELLE LEWIS MS.
     slewis@gghblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following VIRTUAL HEARING was CANCELED

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:42:39 PM

Notice Date:      7/15/2022 1:42:39 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  CLERK COLBERT
clerk.colbert@alacourt.gov

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following VIRTUAL HEARING was CANCELED

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:42:39 PM

Notice Date:     7/15/2022 1:42:39 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:   THOMAS H SINIARD
      tommy@siniardlaw.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:43:44 PM

Hearing Date:   11/07/2022
Hearing Time:   09:10:00 AM                 Central Time
Location:       Virtual Hearing

Notice Date:    7/15/2022 1:43:44 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  THOMAS BARTON SINIARD
     bart@siniardlaw.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:43:44 PM

Hearing Date:    11/07/2022
Hearing Time:    09:10:00 AM               Central Time
Location:        Virtual Hearing

Notice Date:     7/15/2022 1:43:44 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  ANDREW ROBERT TURPEN
Andrew.Turpen@allstate.com

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:43:44 PM

Hearing Date:   11/07/2022
Hearing Time:   09:10:00 AM                    Central Time
Location:       Virtual Hearing

Notice Date:    7/15/2022 1:43:44 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:   FRANKLIN PEEPLES BRANNEN JR.
      frank.brannen@lewisbrisbois.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:43:44 PM

Hearing Date:    11/07/2022
Hearing Time:    09:10:00 AM                 Central Time
Location:        Virtual Hearing

Notice Date:     7/15/2022 1:43:44 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To: SHELLEY DANIELLE LEWIS MS.
slewis@gghblaw.com

# NOTICE OF VIRTUAL HEARING

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:43:44 PM

Hearing Date:      11/07/2022
Hearing Time:      09:10:00 AM                    Central Time
Location:          Virtual Hearing

Notice Date:       7/15/2022 1:43:44 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov



AlaFile E-Notice

20-CV-2022-900027.00

Judge: KYLE W BROWN

To:  CLERK COLBERT
clerk.colbert@alacourt.gov

---

# NOTICE OF VIRTUAL HEARING

---

IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL
20-CV-2022-900027.00

The following matter is having a virtual link added. This may be to enable a virtual
hearing or merely to enable a witness or other to connect to an in-court hearing. If you
have any questions, you should contact the Court.

SCHEDULING/STATUS CONFERENCE

7/15/2022 1:43:44 PM

Hearing Date:    11/07/2022
Hearing Time:    09:10:00 AM          Central Time
Location:        Virtual Hearing

Notice Date:     7/15/2022 1:43:44 PM

MARK R. EADY
CIRCUIT COURT CLERK
COLBERT COUNTY, ALABAMA
P.O. BOX 740370
TUSCUMBIA, AL, 35674

256-386-8511
mark.eady@alacourt.gov

ELECTRONICALLY FILED
7/15/2022 3:13 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

Revised 3/5/08

Cas[...]

20-COLBERT

☐ District Court  ☑ Circuit Court

CV2[...]

| WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL | **CIVIL MOTION COVER SHEET** *Name of Filing Party:*D001 - ALLSTATE INSURANCE COMPANY |
|---|---|

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

ANDREW ROBERT TURPEN

2600 Meadow Brook South

Birmingham, AL 35242

*Attorney Bar No.:* TUR079

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
|  | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Compel |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Consolidation |
|  | ☐ Continue |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
|  | ☐ Designate a Mediator |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐ Other _____ | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
|  | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
|  | ☐ Motion to Dismiss pursuant to Rule 12(b) |
|  | ☐ New Trial |
| ☐ Local Court Costs $ 0 | ☐ Objection of Exemptions Claimed |
|  | ☐ Pendente Lite |
|  | ☐ Plaintiff's Motion to Dismiss |
|  | ☐ Preliminary Injunction |
|  | ☐ Protective Order |
|  | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Vacate or Modify |
|  | ☐ Withdraw |
|  | ☑ Other   PRO TANTO STIPULATION OF DISMISSAL |
|  | pursuant to Rule  41   (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:

7/15/2022 3:12:46 PM

Signature of Attorney or Party

/s/ ANDREW ROBERT TURPEN

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion To Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
7/15/2022 3:13 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

**WILLIAM DOUGLAS**
**HOLLY DOUGLAS;**

   **Plaintiff,**

**vs.**

**MICHAEL KEITH SAVAGE;**
**ALLSTATE PROPERTY &**
**CASUALTY INSURANCE**
**COMPANY; ATLANTIC**
**SPECIALTY INSURANCE**
**COMPANY,**

   **Defendants.**

**CIVIL ACTION NUMBER:**

**20-CV-2022-900027.00**

---

### PRO TANTO STIPULATION OF DISMISSAL

COME NOW the parties, by and through their attorneys of record, and pursuant to Rule 41 of the Alabama Rules of Civil Procedure, stipulate that the above-styled action may be dismissed with prejudice, with costs taxed as paid as to the defendant, Allstate Insurance Company only. All claims against Michael Keith Savage shall remain pending.

By   /s/Andrew R. Turpen
      Andrew R. Turpen
      Alabama Bar No. TUR079
      Attorney for Defendant

**OF COUNSEL**:
**Slaughter & Associates**
2600 Corporate Drive, Suite 110
Birmingham, AL 35242-2737
(205) 981-3721

*By*   /s/Bart Siniard
      Bart Siniard
      Alabama Bar No. SIN027
      Attorney for Plaintiffs

**OF COUNSEL**:
**Siniard Law Firm**
511 Madison St SE
Huntsville, AL 35801



ELECTRONICALLY FILED
7/15/2022 4:02 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

|  |  |  |  |
|---|---|---|---|
| DOUGLAS WILLIAM, | ) | | |
| DOUGLAS HOLLY, | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| V. | ) | Case No.: | CV-2022-900027.00 |
| | ) | | |
| ALLSTATE INSURANCE COMPANY, | ) | | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) | | |
| SAVAGE MICHAEL KEITH, | ) | | |
| Defendants. | ) | | |

## ORDER

Upon the Parties' PRO TANTO STIPULATION OF DISMISSAL, it is hereby ORDERED by the Court that the Defendant, Allstate Insurance Company, is DISMISSED, with prejudice. Costs taxed as paid.

It is further ORDERED that this Order of Dismissal applies only to the Defendant named herein and Plaintiff's claims against the Defendant, Michael Keith Savage, remain pending.

**DONE this 15th day of July, 2022.**

/s/ KYLE W BROWN
_____
**CIRCUIT JUDGE**

DOCUMENT 67

ELECTRONICALLY FILED
7/21/2022 11:30 AM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

# IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** ) | |
| **HOLLY DOUGLAS,** ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | **Case No.: CV22-900027** |
| **v.** ) | |
| ) | |
| **MICHAEL KEITH SAVAGE, ,** *et al.***;** ) | |
| ) | |
| *Defendants*. ) | |

## <u>NOTICE OF CHANGE OF FIRM AND ADDRESS</u>

COME NOW the undersigned, Tommy H. Siniard and Bart Siniard, and hereby give notice to this Court and all parties of their change of firm and address.  As of July 1, 2022, all correspondence, pleadings, and/or other communications should be directed to the following address:

**Tommy H. Siniard**
**Bart Siniard**
**SINIARD LAW, LLC**
**511 Madison Street (35801)**
**P. O. Box 18666**
**Huntsville, Alabama  35804**
Telephone: 256-500-1199
Facsimile: 256-500-4052
**tommy@siniardlaw.com**
**bart@siniardlaw.com**

Respectfully submitted, this the 21st day of July, 2022.

/s/   Tommy H. Siniard
Tommy H. Siniard ( SIN008)
One of the attorneys for Plaintiff
SINIARD LAW, LLC
511 Madison St. SE
Huntsville, AL 35801
Telephone: 256-500-1199
Facsimile: 256-500-4052
Email: tommy@siniardlaw.com

/s/   Bart Siniard
Bart Siniard ( SIN027)
One of the attorneys for Plaintiff
SINIARD LAW, LLC
511 Madison St. SE
Huntsville, AL 35801
Telephone: 256-500-1199
Facsimile: 256-500-4052
Email: bart@siniardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2022, I electronically filed notice of the foregoing with the Clerk of Court using CM/ECF system and/or U.S. Mail which will send notification of such filing to the following:

Shelley Lewis, Esq.
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

Franklin Brannen, Esq.
Seth Friedman, Esq.
LEWIS BRISBOIS BISGAARD
& SMITH LLP
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.348.8585
Facsimile: 404.467.8845
Frank.Brannen@lewisbrisbois.com
Seth.Friedman@lewisbrisbois.com

Andrew Turpen, Esq.
SLAUGHTER & ASSOCIATES
2600 Corporate Drive, Suite 110
Birmingham, AL 35242-2737
Telephone: (205) 981-3721

/s/ Bart Siniard
OF COUNSEL


ELECTRONICALLY FILED
7/21/2022 11:33 AM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS** | ) |
| **HOLLY DOUGLAS;** | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| **v.** | )    **CASE NO.: CV22-900027** |
| | ) |
| **MICHAEL KEITH SAVAGE;** | ) |
| **FEDERAL EXPRESS** | ) |
| **CORPORATION, AND** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**There may be other entities whose true names and identities are unknown to the plaintiff at this time who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the plaintiff when their true names and identities are accurately ascertained by further discovery.  Until that time, the plaintiff will designate these parties in accordance with ARCP 9(h).  The word entity as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations.**

**Fictitious Defendant A, being the correct name of the individual who operated the vehicle that collided with the plaintiff William Douglas on the occasion described herein;**

**Fictitious Defendants B, C, D being that or those individual(s), corporation(s), or other entity that employed, retained, or was legally responsible for the conduct of Michael Keith Savage on the occasion described herein;**

**Fictitious Defendants E, F, G being that individual, corporation, or other entity that owned, leased, operated, or entrusted the vehicle(s) operated by Michael Keith Savage on the occasion described herein;**

**Fictitious Defendants H, I, J being the individual, firm, or corporation, respectively, responsible, for the inspection, maintenance, and repair of the vehicle Defendant Michael Keith Savage was operating on the occasion described herein;**

**Fictitious Defendants K, L, and M being the individual, corporation or other entity responsible for the incident made the basis of this suit; and**

**Fictitious Defendants N, O, and P being the correct name of any company, corporation, or other entity that issued underinsured and/or uninsured motorist insurance covering Plaintiff at the time of the wreck made the basis of this suit;**                                )
                                                                                            )
                                                                                            )
            ***Defendants.***                                )

### FIRST AMENDED COMPLAINT

1.      Plaintiffs William Douglas and his wife Holly Douglas are over nineteen years of age and are residents of Morgan County, Alabama.

2.      Based upon information and belief Defendant Michael Keith Savage is believed to be an adult resident of Colbert County, Alabama.

3.      Based upon information and belief Defendant Federal Express Corporation (hereinafter "FedEx") is a corporation doing business in Colbert County, Alabama.

4.      The true names and identities of the other named defendants are unknown to the Plaintiff at this time and will be added by amendment in accordance with Rule 9(h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

5.      The acts and omissions complained of occurred in Colbert County, Alabama and the amount in controversy exceeds $20,000.00.

6.      Plaintiffs amend their original complaint to add counts of negligence and wantonness against defendant FedEx pursuant to Ala. R. Civ. Pro. 15.

### COUNT I – NEGLIGENCE & SUBSEQUENT NEGLIGENCE
### MICHAEL KEITH SAVAGE

7.      Plaintiff adopts and re-alleges the allegations set forth in items one through five, above, as if set out in full herein.

8.      On or about October 23, 2021, upon a public roadway, to-wit: on Old Highway 20 in Colbert County, Alabama, defendant negligently operated a motor vehicle in that he failed to maintain a proper lookout thereby striking the Plaintiff.

9.      As a direct and proximate result of Michael Keith Savage's negligence, William Douglas was caused to suffer serious bodily injury.

10.     Plaintiff William Douglas is entitled to compensation from defendant for:

    a)      Medical expenses;

    b)      Pain and suffering on account of personal injury;

    c)      Mental anguish on account of personal injury;

    d)      Permanent injuries;

    e)      Disfigurement;

    f)      Property damage;

    g)      Future medical expenses;

    h)      Loss of earnings; and

    i)      Loss of earning capacity.

11.     Plaintiff Holly Douglas is entitled to damages for loss of consortium and out-of-pocket expenses related to her husband William Douglas's care, rehabilitation, and treatment.

**WHEREFORE**, the foregoing grounds considered, plaintiffs demand a judgment against defendant in an amount deemed appropriate under the circumstances, plus the costs of this action.

### COUNT II – WANTON CONDUCT
### MICHAEL KEITH SAVAGE

12.     Plaintiffs adopt and re-allege the allegations set forth in items one through ten above, as if set out in full herein.

13.     On or about October 23, 2021, upon a public roadway, to-wit: Old Highway 20 in Colbert County, Alabama, defendant wantonly and/or recklessly operated a motor vehicle in that he failed to maintain a proper lookout thereby striking the Plaintiff.

14.     As a direct and proximate result of Michael Keith Savage's wantonness, William Douglas was caused to suffer serious bodily injury.

15.     Plaintiff William Douglas is entitled to compensation from defendant for:

    a)      Medical expenses;

    b)      Pain and suffering on account of personal injury;

    c)      Mental anguish on account of personal injury;

    d)      Permanent injuries;

e)      Disfigurement;

f)      Property damage;

g)      Future medical expenses;

h)      Loss of earnings; and

i)      Loss of earning capacity.

16.    Plaintiff William Douglas is entitled to punitive damages.

17.    Plaintiff Holly Douglas is entitled to damages for loss of consortium and out-of-pocket expenses related to her husband William Douglas's care, rehabilitation, and treatment.

**WHEREFORE**, the foregoing grounds considered, plaintiffs demand a judgment against defendant in an amount deemed appropriate under the circumstances, plus the costs of this action.

## COUNT III
### NEGLIGENCE – FEDERAL EXPRESS CORPORATION ("FEDEX")

18.    Plaintiffs adopt and re-allege the allegations set forth in items one through sixteen above, as if set out in full herein.

19.    Plaintiff William Douglas was employed by Freeman & Freeman, a courier service doing business in Colbert County, Alabama.  Based upon information and belief, Freeman & Freeman contracted with defendant FedEx to deliver packages on behalf of FedEx in various areas of northwest Alabama. Plaintiff's employer Freeman & Freeman was an independent contractor of FedEx.

20.    Notwithstanding the independent contractor relationship, FedEx negligently encouraged and/or required Freeman & Freeman courier drivers to participate in unsafe practices, including, but not limited to, "double parking" on busy public roadways.  Such unsafe practices proximately caused plaintiff William Douglas's injuries and damages, which include:

a)      Medical expenses;

b)      Pain and suffering on account of personal injury;

c)      Mental anguish on account of personal injury;

d)      Permanent injuries;

e)      Disfigurement;

    f)    Property damage;

    g)    Future medical expenses;

    h)    Loss of earnings; and

    i)    Loss of earning capacity.

21.     Plaintiff Holly Douglas is entitled to damages for loss of consortium and out-of-pocket expenses related to her husband William Douglas's care, rehabilitation, and treatment.

**WHEREFORE**, the foregoing grounds considered, plaintiffs demand a judgment against defendant in an amount deemed appropriate under the circumstances, plus the costs of this action.

## COUNT IV
## WANTONNESS – FEDERAL EXPRESS CORPORATION ("FEDEX")

22.     Plaintiffs adopt and re-allege the allegations set forth in items one through twenty above, as if set out in full herein.

23.     Plaintiff William Douglas was employed by Freeman & Freeman, a courier service doing business in Colbert County, Alabama.  Based upon information and belief, Freeman & Freeman contracted with defendant FedEx to deliver packages on behalf of FedEx in various areas of northwest Alabama. Plaintiff's employer Freeman & Freeman was an independent contractor of FedEx.

24.     Notwithstanding the independent contractor relationship, FedEx wantonly encouraged and/or required Freeman & Freeman courier drivers to participate in unsafe practices, including, but not limited to, "double parking" on busy public roadways.  Such unsafe practices proximately caused plaintiff William Douglas's injuries and damages, which include:

    a)    Medical expenses;

    b)    Pain and suffering on account of personal injury;

    c)    Mental anguish on account of personal injury;

    d)    Permanent injuries;

    e)    Disfigurement;

    f)    Property damage;

    g)    Future medical expenses;

    h)    Loss of earnings; and

        i)     Loss of earning capacity.

25.     Plaintiff Holly Douglas is entitled to damages for loss of consortium and out-of-pocket expenses related to her husband William Douglas's care, rehabilitation, and treatment.

26.     Plaintiffs are entitled to punitive damages.

## COUNT V
### Fictitious Defendants A-M

27.     Plaintiffs adopt and re-allege the allegations set forth in items one through twenty-five, above, as if set out in full herein.

28.     Plaintiffs allege and aver that the negligent or wanton acts and/or omissions of Fictitious Defendants A through M proximately caused and/or combined and concurred with the negligence or wantonness of Defendant to proximately cause Plaintiff's injuries and damages set forth in Counts One and Two, above.

29.     The true names and identities of Fictitious Defendants A-M are unknown to Plaintiff at this time and will be added by amendment in accordance with Rule 9 (h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

WHEREFORE, the foregoing grounds considered, Plaintiffs demand a judgment against Fictitious Defendants A through M. and/or other defendants, in an amount deemed appropriate under the circumstances, plus the costs of this action.

## COUNT V
### Fictitious Defendants N, O and P

30.     Plaintiffs adopt and re-allege the allegations set forth in items one through twenty-six, above, as if set out in full herein.

31.     Plaintiffs allege and aver that Fictitious Defendants N, O and P issued a policy of automobile insurance that covered the Plaintiff for injuries caused by uninsured and/or underinsured motorists at the time of the wreck on October 23, 2021.  To the extent that Defendant is an uninsured or underinsured motorist, Plaintiffs demand all available uninsured and/or underinsured motorist benefits pursuant to any insurance contract(s) with Fictitious Defendants N, O and P.

32.     The true names and identities of Fictitious Defendants N through P are unknown to the Plaintiff at this time and will be added by amendment in accordance with Rule 9(h) of the Alabama Rules of Civil Procedure when the true names and identities are ascertained.

**WHEREFORE**, the foregoing grounds considered, Plaintiffs demand a judgment against Fictitious Defendants N, O, P and/or other defendants, in an amount deemed appropriate under the circumstances, plus the costs of this action.

**PLAINTIFFS REQUEST TRIAL BY STRUCK JURY**

/s/ Tommy H. Siniard
Tommy H. Siniard (SIN008)


/s/ Bart Siniard
Bart Siniard (SIN027)


**SINIARD LAW, LLC**
Attorney for Plaintiff
511 Madison Street SE
Post Office Box 18666
Huntsville, Alabama 35804
Telephone:  256-500-1199
Facsimile:  256-500-4052
Email: bart@siniardlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022, I electronically filed notice of the foregoing with the Clerk of Court using CM/ECF system and/or U.S. Mail which will send notification of such filing to the following:

Shelley Lewis, Esq.
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com

## **SERVE DEFENDANT VIA U.S. CERTIFIED MAIL**

Federal Express Corporation
c/o registered agent C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>20-CV-2022-900027.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA
### WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL

**NOTICE TO:** FEDERAL EXPRESS CORPORATION, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104

(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), THOMAS BARTON SINIARD
,
(Name(s) of Attorney(s))

WHOSE ADDRESS(ES) IS/ARE: 511 Madison Street, HUNTSVILLE, AL 35801
.
(Address(es) of Plaintiff(s) or Attorney(s))

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DOUGLAS WILLIAM
[Name(s)]
pursuant to the Alabama Rules of the Civil Procedure.

| 07/21/2022 | /s/ MARK R. EADY | By: |
| --- | --- | --- |
| (Date) | (Signature of Clerk) | (Name) |

☑ Certified Mail is hereby requested.      /s/ THOMAS BARTON SINIARD
(Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
(Name of Person Served)             (Name of County)

Alabama on _____ .
(Date)

| | | (Address of Server) |
| --- | --- | --- |
| (Type of Process Server) | (Server's Signature) | |
| | (Server's Printed Name) | (Phone Number of Server) |



ELECTRONICALLY FILED
7/21/2022 2:51 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**

| | |
|---|---|
| **WILLIAM DOUGLAS and** | ) |
| **HOLLY DOUGLAS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )      **CV-2022-900027** |
| | ) |
| **MICHAEL KEITH SAVAGE and** | ) |
| **FEDERAL EXPRESS CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant Michael Keith Savage, and in response to Plaintiffs' First

Amended Complaint, adopts and incorporates the defenses and denials previously asserted in the

Answer filed on his behalf.


                          **/s/ Shelley Lewis**
                          Shelley Lewis (LEW055)
                          Attorney for Defendant
                          Michael Keith Savage


**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846
(256) 532-1958 (fax)
slewis@ggh-law.com


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically
upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record
or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly
addressed as follows, on this the 20th day of July, 2022.

1

**Tommy H. Siniard**
**Bart Siniard**
**SINIARD LAW, LLC**
**511 Madison Street SE**
**Huntsville, Alabama 35801**

**Federal Express Corporation**
**c/o Registered Agent CT Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, Alabama 36104**

/s/ Shelley Lewis
OF COUNSEL

## COMPLETE THIS SECTION ON DELIVERY

**A. Signature**

X _Hillard_

☐ Agent
☐ Addressee

**B. Received by (Printed Name)**   Hatugh ferguson

**C. Date of Delivery**   7/25/22

**D. Is delivery address different from item 1?**   ☐ Yes
If YES, enter delivery address below:   ☐ No

2022 JUL 28  PM 1

CIRCUIT COURT

FILED

CIRCUIT COURT

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

**Domestic Return Receipt**

---

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

**1. Article Addressed to:**

Federal Express Corporation
c/o CT Corporation System
2 North Jackson St. Ste 605
Montgomery, AL 36104

9590 9402 4382 8190 3485 41

**2. Article Number (Transfer from service label)**

7022 0410 0001 6686 5646

PS Form 3811, July 2015 PSN 7530-02-000-9053

USPS TRACKING #

9590 9402 4382 8190 3485 41

MONTGOMERY AL 360
26 JUL 2022 PM 3 L

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**7 — 206299**

• Sender: Please print your name, address, and ZIP+4® in this box•

Colbert County Courthouse
Attn: Circuit Court Clerk
201 N Main Street
Tuscumbia, AL 35674

CV 22-900001

23
2022 JUL 11 PM 4:11
FILED IN OFFICE
MARK R EADY
CIRCUIT COURT CLERK



ELECTRONICALLY FILED
8/24/2022 12:54 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

WILLIAM DOUGLAS and,      )
HOLLY DOUGLAS,            )
                         )
    Plaintiffs,        )
                         )
v.                       )        Case No. 20-CV-2022-900027
                         )
MICHAEL KEITH SAVAGE;    )
FEDERAL EXPRESS CORPORATION, )
et al.,                  )
                         )
    Defendants.        )

## JOINT STIPULATION OF AMENDMENT, DISMISSAL AND SUBSTITUTION OF PARTY DEFENDANT

William and Holly Douglas, Michael Keith Savage, Federal Express Corporation, and FedEx Ground Package System, Inc., by and through their respective undersigned counsel, submit this Joint Stipulation reflecting their agreement to substitute FedEx Ground Package System, Inc. for Federal Express Corporation as a Defendant in this matter. The parties to this stipulation specifically agree and stipulate as follows:

1.    Pursuant to Rule 15(a) of the Alabama Rules of Civil Procedure, the parties stipulate to an amendment of the Complaint to substitute FedEx Ground Package System, Inc. for Federal Express Corporation and to replace all references to Federal Express Corporation with references to FedEx Ground Package System, Inc.  The parties shall deem the Complaint amended upon the filing of this Joint Stipulation without need for filing of an amended pleading and shall reflect the substitution of the party Defendant in the case style of all filings going forward.

2.    FedEx Ground Package System, Inc. waives its right to receive service of process and agrees to file its responsive pleading to the Complaint within five days from the date of filing of this Joint Stipulation.

1

3.     Pursuant to Rule 41(a), Plaintiffs' claims against Federal Express Corporation are dismissed without prejudice.

Respectfully submitted this 24th of August 2022.

**SINIARD LAW, LLC**

*/s/  Bart Siniard*
Tommy H. Siniard, Esq.
Bart Siniard, Esq.
SINIARD LAW, LLC
511 Madison Street SE
Post Office Box 18666
Huntsville, AL 35804
bart@siniardlaw.com

*Attorneys for William Douglas and Holly Douglas*

**GAINES GAULT HENDRIX, P.C.**

*/s/  Shelley Lewis*
Shelley Lewis, Esq.
GAINES GAULT HENDRIX, P.C.
115 Manning Drive, Suite 201B
Huntsville, AL 35801
slewis@ggh-law.com

*Attorneys for Michael Keith Savage*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ David W. McDowell*

David W. McDowell (MCD049)
420 20th Street North
Shipt Tower, Suite 1400
Birmingham, Alabama 35203
Telephone:  (205) 328-0480
Facsimile:   (206) 322-8007
Email: dmcdowell@bakerdonelson.com

*Attorneys for Federal Express Corporation and FedEx Ground Package System, Inc.*

2



ELECTRONICALLY FILED
8/24/2022 1:17 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

# IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM, | ) |
| DOUGLAS HOLLY, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No.:        CV-2022-900027.00 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | |
| SAVAGE MICHAEL KEITH, | ) |
| FEDERAL EXPRESS CORPORATION ET | ) |
| AL, | |
| Defendants. | ) |

## ORDER

It is hereby ORDERED by the Court that the Parties' JOINT STIPULATION OF AMENDMENT, DISMISSAL AND SUBSTITUTION OF PARTY DEFENDANT is GRANTED and FedEx Ground Package System, Inc. is substituted for Federal Express Corporation.

**DONE this 24th day of August, 2022.**

**/s/ KYLE W BROWN**
**CIRCUIT JUDGE**



ELECTRONICALLY FILED
8/26/2022 2:27 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS AND HOLLY DOUGLAS;**     ) <br>     ) <br> *Plaintiff,*     ) <br>     ) <br> **v.**     ) <br>     ) <br> **ALLSTATE INSURANCE COMPANY, ATLANTIC SPECIALTY INSURANCE COMPANY, MICHAEL KEITH SAVAGE, FEDEX GROUND PACKAGE SYSTEM, INC.,** *et al.***;**     ) <br>     ) <br>     ) <br>     ) <br>     ) <br> *Defendant.* | **Case No.: CV22-900027** |

---

## NOTICE OF SERVICE OF DISCOVERY

---

TO:     Clerk, Circuit Court

Take notice that the undersigned has, by mail this date, served defendant, the following:

- ☑    Plaintiffs' Interrogatories to FedEx Ground Package System, Inc.

- ☑    Plaintiffs' Request for Production of Documents to FedEx Ground Package System, Inc.

Done this the 26th day of August, 2022.

/s/ Bart Siniard_____
Bart Siniard (SIN 027)

*Siniard Law, LLC*
Attorneys for Plaintiff
511 Madison Street SE
Post Office Box 18666
Huntsville, Alabama 35804
Telephone:  256-500-1199
Facsimile:  256-500-4052



ELECTRONICALLY FILED
8/26/2022 2:27 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM DOUGLAS;** | ) |
| **HOLLY DOUGLAS,** | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) **Case No.: CV22-900027** |
| **v.** | ) |
| | ) |
| **MICHAEL KEITH SAVAGE AND** | ) |
| **FEDEX GROUND PACKAGE SYSTEM,** | ) |
| **INC.** | ) |
| | ) |
| *Defendants*. | ) |
| | ) |
| | ) |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT
## FEDEX GROUND PACKAGE SYSTEM, INC.

COME NOW the Plaintiffs in the above-styled cause pursuant to Rule 33 of the *Alabama Rules of Civil Procedure*, and propounds the following interrogatories to this defendant. Plaintiff requests that defendant answer these interrogatories as completely as possible based on the information available to this defendant, their agents, their attorneys, and medical or liability experts.

If you cannot answer any interrogatory or part thereof in full, please answer to the extent possible and state the reason for your inability to provide a complete answer.

These interrogatories shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these interrogatories subsequent to the time answers were served and prior to the time a final judgment in this case. These interrogatories are to be answered under oath and may be used as evidence at the trial of this case. The following words, when used in the interrogatories, unless otherwise indicated, shall mean:

(a)     "Incident" - The event or events, transactions, or occurrences made the basis of this suit;

(b)     "Injury" - Any injury or injuries, direct or consequential, allegedly sustained in the incident.

(c)     "Document" - All written, recorded or graphic matters whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, tables, telex messages, memoranda, notes, notations, work papers, transcripts, minutes, reports, records of telephone or other

conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, charts, manuals, maps, brochures, publications, schedules, journals, diaries, lists, tabulations, bills, newsletters, drafts, proofs, or other pre-publication forms of materials, telephone lists or indexes, rolodex indexes, books of account, records of invoices reflecting business operations, purchase orders, invoices, receipts, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigation, insurance policies, accident reports, claim forms, bills of lading, minutes of any corporate meetings, minutes of meetings of board of directors for corporations, records of negotiations, reports of experts, pro tanto settlements, reports of consultants, all records kept by electronic, photographic or mechanical means, any notes or drafts relating to any of the foregoing, all things similar to the foregoing and any other documents as defined in Rule 34 of the *Alabama Rules of Civil Procedure* of any kind or character in your possession, custody or in control <u>or</u> known by you to exist. Please note:  in lieu of identifying or describing a document, you may produce the same for inspection and copying by the plaintiff, pursuant to Rule 33(c) of the *Alabama Rules of Civil Procedure*.  Each document produced in response to an interrogatory should be identified by the number of the interrogatory to which it responds.

1.      Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

2.      Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.  If you contend that this Defendant is not properly named in the complaint, please identify the correct name of the legal entity currently designated as FedEx Ground Package System, Inc.

3.      Describe in detail the business relationship or arrangement between this defendant and Freeman & Freeman as of the date of the incident.

4.      Do you contend that Freeman & Freeman was an independent contractor at the time of the incident?  If so, please state in detail <u>all facts</u> supporting such a contention.  For each and every fact, please provide the name, telephone number, and address of any person(s) who have knowledge of such facts.  If any documents support such a contention, please list every document with particularity.

4.      Immediately following the incident, please state:

a. Whether any employee/agent of this Defendant was notified of the incident?

b. The date and time this person was notified

c.  The name and job title of such person(s)

d.  Whether any document was created evidencing such communications

e.  Whether any such document is maintained in the ordinary course of business by this Defendant.

5.      Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question.

6.      Has this Defendant or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

7.      Has this Defendant or anyone acting on its behalf conducted an independent review, investigation, or reconstruction of the accident that is the basis of this action?  If the answer is yes, please provide the names, job titles, and contact information of the individual or individuals who performed the review, investigation, or reconstruction, and the dates these activities took place.

8.      At the time of the incident in question, list any insurance, excess insurance, "umbrella" coverage, general liability insurance and other insurance in effect for this Defendant.

9.      Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

10.      List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

11.      Identify any non-party who you claim is or may be liable to the plaintiff in part or in whole for the damages claimed but who has not been joined in the action as a party.

12.      Did this Defendant perform a "background check" or "background search" on William Douglas prior to or during his employment with Freeman & Freeman? If so, please describe such check(s) or search(es) in detail.

13.      Did William Douglas complete an application for employment or any other paperwork that was submitted to this Defendant prior to his hiring with Freeman & Freeman?  If so, please describe such documents in detail.

14.      Please describe in detail any training provided to William Douglas by this Defendant or anyone acting on its behalf.

15.      Please describe the steps and/or procedures that this Defendant took to determine the status of William Douglas's driving record, driving history, capabilities, limitations and knowledge of driving a truck prior to the accident that is the basis of this action.

16.      Please state whether William Douglas was required to keep and maintain log books and/or travel calendars in regard to his driving time and activities.

17.      Please describe in detail any and all safety measures, programs, protocols, policies, and/or procedures followed by this Defendant or provided to any contracted courier service such as Freeman & Freeman.

18.     Describe and explain in detail the method of calculating the compensation that was paid to Freeman & Freeman for services rendered during the year 2021.

19.     Please describe, in detail, your policies and procedures for receiving and/or resolving any and all complaints from customers (i.e. recipients of packages) at the time of the accident made the basis of plaintiff's claim.

20.     Please describe, in detail, your policies and procedures for the delivery of goods by contracted drivers at the time of the accident made the basis of plaintiff's claim.

21.     Please state whether this Defendant required contracted drivers to wear certain uniforms or use certain equipment or tools.  If so, please describe in detail.

22.     Please state how contracted drivers know their delivery routes? Are these routes provided by this Defendant? If so, how.

23.     Describe any instructions provided by this Defendant to contracted couriers about double parking and any other instructions about the actual delivery process.

24.     Did you offer and/or require and/or provide automobile insurance to Freeman & Freeman? If so, describe in detail.

/s/ Bart Siniard_____
Bart Siniard (SIN 027)

**Siniard Law, LLC**
Attorneys for Plaintiff
511 Madison Street SE
Post Office Box 18666
Huntsville, Alabama 35804
Telephone:  256-500-1199
Facsimile:  256-500-4052

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by AlaFile and/or U. S. Mail, properly addressed and first class postage prepaid on this the 26th day of August, 2022:

Shelley Lewis
Attorney for Keith Savage
Gaines Gaulty Hendrix
115 Manning Drive SW
Suite 201B
Huntsville, Alabama 35801
E: slewis@ggh-law.com

David W. McDowell
Attorney for FedEx Ground Package System, Inc.
Baker, Donelson, Bearman, Caldwell & Berkowitz
Shipt Tower
420 20th St. N, Suite 1400
Birmingham, AL 35203
E: dmcdowell@bakerdonelson.com

/s/ Bart Siniard_____
OF COUNSEL


ELECTRONICALLY FILED
8/26/2022 2:27 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**

| | |
|---|---|
| WILLIAM DOUGLAS; | ) |
| HOLLY DOUGLAS, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) **Case No.: CV22-900027** |
| v. | ) |
| | ) |
| MICHAEL KEITH SAVAGE AND | ) |
| FEXEX GROUND PACKAGE SYSTEM, | ) |
| INC. | ) |
| | ) |
| *Defendants*. | ) |
| | ) |
| | ) |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT
FEDEX GROUND PACKAGE SYSTEM, INC.**

---

In accordance with the provisions of Rule 34 of the Alabama Rules of Civil Procedure, you are hereby requested to produce and identify the documents and other things described herein.  You are requested to produce copies or permit plaintiff to inspect and copy each of the following documents:

1.      Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

2.      A copy of any drawings, maps, or sketches of the scene of the accident that is the basis of this lawsuit.

3.      A copy of any and all statements previously made by any person concerning the subject matter of this lawsuit, including, but not limited to, any written statement signed or otherwise adopted or approved by the plaintiff and any stenographic, mechanical, electrical, or other type or recording or any transcription thereof.

4.      A list of the names, addresses and telephone numbers of any witnesses with knowledge of the accident that is the basis of this lawsuit.

5.      A list of all persons having knowledge of the accident that is the basis of the Complaint.

6.      A copy of any and all reports made by any experts and/or accident reconstructionists that concern or relate to the accident made the basis of this lawsuit.

Including, but not limited to, all information and facts that provide the basis for any conclusions or opinions contained in any such reports.

7.      Please produce any and all leases, agreements, memorandums of understanding, and/or contracts that were in effect between this Defendant and Freeman & Freeman at the time of the incident made the basis of this claim.

8.      Please produce the entire personnel file of William Douglas and any other documentation whatsoever that it in any way relates to William Douglas.

9.      Please produce any and all payroll and benefit records for William Douglas. This includes any and all documentation related to health insurance, disability insurance, workers' compensation coverage, life insurance, 401(k), and any other types of benefits provided to William Douglas.

10.     Please produce any and all checks of any kind paid to Freeman & Freeman for the year of 2021.

11.     Please produce any and all records of health insurance claims, disability claims, workers' compensation claims, sickness or doctors' excuses of Bobby Dewayne Norman from January 1, 2015 to present.

12.     Please produce any and all correspondence between this Defendant and Freeman & Freeman in any way related to the subject incident.

13.     Please produce any and all documentation evidencing or relating to payments and/or compensation and/or any material benefit made by this Defendant to William Douglas during the year 2021.

14.     Please produce COLOR copies (if available) of any and all photographs, video tapes, slides, and/or motion pictures which in any way relate to the incident, the accident scene, the injuries of any party involved in the accident, or damage to any vehicle involved in the accident.

15.     Produce copies of any documentation evidencing any training programs, driver orientation programs, and safe driving programs provided to William Douglas and any other drivers of Freeman & Freeman.

16.     A copy of any and all insurance agreements or policies under which any person or entity may be liable to satisfy part or all of a judgment that may be rendered in this action or to indemnify or reimburse defendant(s) for payments made in satisfaction of any judgment.

17.     Please produce a copy of any employee handbook or driver manual issued to William Douglas or any other driver for Freeman & Freeman.

18.     Please produce a copy of any company safety rules issued to Freeman & Freeman.

19.     A copy of all ownership, title, and registration papers regarding the vehicle William Douglas was operating at the time of the wreck made the basis of this lawsuit, including but not limited to registration certificates.

20.     A copy of any reports, documents, data compilations, and memos provided by Freeman & Freeman to this defendant during the year 2021.

21.     All documents related to delivery routes for the drivers of Freeman & Freeman for the year 2021.

22.     A complete and current curriculum vitae or resume for each individual whom you _may_ call as an expert witness at the trial of this case, with a list of publications authored by that individual, and a complete listing of other cases in which they have testified (at trial or by deposition), within the past ten (10) years.

23.     Produce any maintenance logs and inspection reports of Freeman & Freeman vehicles.

24.     Documents evidencing any "background check" or "background search" that was performed on William Douglas.

25.     Documents which, in any way, reflect or reveal William Douglas's point of origin and destination for the trip he was making when the accident made the basis of this lawsuit occurred.

26.     Any and all documents which support your contentions and/or your version of the events set forth in Plaintiff's Complaint.

27.     A list of each and every exhibit you intend to offer or use in the trial of this cause and copies of the exhibits.

28.     Each article or thing you intend to offer or use in the trial of this cause to demonstrate, illustrate, aid or assist the testimony of any witness, including models, facsimiles, subjects or articles.

29.     Any and all diaries, logs, notes, calendars or other writing material created, kept or maintained by any employee of this Defendant regarding the incident made the basis of this lawsuit.

30.     Copies of each and every document received by you from a third party in response to a subpoena or a non-party subpoena. This document request includes, but is not limited to, documents previously received and documents received through the course of this litigation. Please remember you have a duty to supplement this request every time you receive a document from a non-party that you subpoena.

31.     Any documents prepared during the regular course of business as a result of the incident complained of in plaintiff's complaint.

32.     Produce copies of electronically stored information, including but not limited to text messages, e-mails, and Facebook postings, not subject to privilege, constituting communications between plaintiff and the defendant, or the defendant and any third party regarding the accident made the basis of this lawsuit, the plaintiff's injuries received in this lawsuit, damage to any vehicle in this incident, and/or the defendant's activities on the date of the accident.

33.     Any and all policies or procedures of this Defendant that in any way relate to:

   a)     the safe operation of motor vehicles of contracted couriers
   b)     training provided to this courier drivers
   c)     supervision of courier drivers
   d)     termination of courier drivers
   e)     retention of courier drivers
   f)     hiring of courier drivers

34.     A copy of any and all performance standards and/or any other documents reflecting any requirements imposed by this Defendant contracted couriers.


                                        /s/ Bart Siniard_____
                                        Bart Siniard (SIN 027)

**Siniard Law, LLC**
Attorneys for Plaintiff
511 Madison Street SE
Post Office Box 18666
Huntsville, Alabama 35804
Telephone:  256-500-1199
Facsimile:  256-500-4052

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by AlaFile and/or U. S. Mail, properly addressed and first class postage prepaid on this the 26th day of August, 2022:

Shelley Lewis
Attorney for Keith Savage
Gaines Gaulty Hendrix
115 Manning Drive SW
Suite 201B
Huntsville, Alabama 35801
E: slewis@ggh-law.com

David W. McDowell
Attorney for FedEx Ground Package System, Inc.
Baker, Donelson, Bearman, Caldwell & Berkowitz
Shipt Tower
420 20th St. N, Suite 1400
Birmingham, AL 35203
E: dmcdowell@bakerdonelson.com

/s/ Bart Siniard_____
OF COUNSEL



ELECTRONICALLY FILED
8/29/2022 10:32 AM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM DOUGLAS and, | ) |
| HOLLY DOUGLAS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Case No. 20-CV-2022-900027 |
| | ) |
| MICHAEL KEITH SAVAGE; | ) |
| FEDEX GROUND PACKAGE SYSTEM, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. TO PLAINTIFFS' AMENDED COMPLAINT

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") answers the Plaintiffs'

Amended Complaint as follows:

1.      FedEx Ground admits the allegations contained in Paragraph 1 of the Plaintiffs'

Amended Complaint based on information and belief.

2.      FedEx Ground is without sufficient information to admit or deny the allegations in

Paragraph 2 of the Plaintiffs' Amended Complaint.

3.      FedEx Ground admits to doing business in Colbert County, Alabama.[1]

4.      No allegation is made against FedEx Ground in Paragraph 4 of the Plaintiffs'

Amended Complaint and therefore no response is required of FedEx Ground.

---

[1] Per the Joint Stipulation filed by all of the parties on August 24, 2022 (Doc. No. 76), FedEx Ground Package System, Inc. has been substituted for Federal Express Corporation in this action.

5.      Based on information and belief, FedEx Ground admits that the accident which forms the basis of the Plaintiffs' Complaint occurred in Colbert County, Alabama.  FedEx Ground denies that any act or omission of FedEx Ground caused or contributed to cause any injuries or damages sustained by the Plaintiffs.  FedEx Ground is without sufficient information to admit or deny the Plaintiffs' assertions as to the amount in controversy.

6.      No allegation is made against FedEx Ground in Paragraph 6 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.  To the extent Paragraph 6 could be construed to advance allegations against FedEx Ground, those allegations are denied.

## COUNT I – NEGLIGENCE & SUBSEQUENT NEGLIGENCE
## MICHAEL KEITH SAVAGE

7.      FedEx Ground reasserts and realleges its responses to paragraphs 1 – 6 of the Plaintiffs' Amended Complaint as if fully set forth herein.

8.      No allegation is made against FedEx Ground in Paragraph 8 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

9.      No allegation is made against FedEx Ground in Paragraph 9 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

10.      No allegation is made against FedEx Ground in Paragraph 10 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

11.      No allegation is made against FedEx Ground in Paragraph 11 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

2

## COUNT II – WANTON CONDUCT
## MICHAEL KEITH SAVAGE

12.     FedEx Ground reasserts and realleges its responses to paragraphs 1 – 11 of the Plaintiffs' Amended Complaint as if fully set forth herein.

13.     No allegation is made against FedEx Ground in Paragraph 13 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

14.     No allegation is made against FedEx Ground in Paragraph 14 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

15.     No allegation is made against FedEx Ground in Paragraph 15 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

16.     No allegation is made against FedEx Ground in Paragraph 16 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

17.     No allegation is made against FedEx Ground in Paragraph 17 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

## COUNT III
## NEGLIGENCE – FEDEX GROUND

18.     FedEx Ground reasserts and realleges its responses to paragraphs 1 – 17 of the Plaintiffs' Amended Complaint as if fully set forth herein.

4854-9056-3886v1
2919283-000052 08/25/2022

19.     FedEx Ground admits that Plaintiff was employed by Freeman & Freeman, a contracted service provider to FedEx Ground pursuant to an operating agreement. By way of further response, FedEx Ground admits that Freeman & Freeman delivered packages in northwest Alabama.

20.     FedEx Ground denies the allegations of Paragraph 20 of the Plaintiffs' Amended Complaint, including all subparts.

21.     FedEx Ground denies the allegations of Paragraph 21 of the Plaintiffs' Amended Complaint.

## COUNT IV
## WANTONNESS – FEDEX GROUND

22.     FedEx Ground reasserts and realleges its responses to paragraphs 1 – 21 of the Plaintiffs' Amended Complaint as if fully set forth herein.

23.     FedEx Ground admits that Plaintiff was employed by Freeman & Freeman, a contracted service provider to FedEx Ground pursuant to an operating agreement. By way of further response, FedEx Ground admits that Freeman & Freeman delivered packages in northwest Alabama.

24.     FedEx Ground denies the allegations of Paragraph 24 of the Plaintiffs' Amended Complaint, including all subparts.

25.     FedEx Ground denies the allegations of Paragraph 25 of the Plaintiffs' Amended Complaint.

4

26.     FedEx Ground denies the allegations of Paragraph 26 of the Plaintiffs' Amended Complaint.

## COUNT V
### Fictitious Defendants A-M

27.     FedEx Ground reasserts and realleges its responses to paragraphs 1 – 26 of the Plaintiffs' Amended Complaint as if fully set forth herein.

28.     No allegation is made against FedEx Ground in Paragraph 28 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

29.     No allegation is made against FedEx Ground in Paragraph 29 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

## COUNT V[2]
### Fictitious Defendants N, O and P

30.     FedEx Ground reasserts and realleges its responses to paragraphs 1 – 29 of the Plaintiffs' Amended Complaint as if fully set forth herein.

31.     No allegation is made against FedEx Ground in Paragraph 31 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

32.     No allegation is made against FedEx Ground in Paragraph 32 of the Plaintiffs' Amended Complaint and therefore no response is required of FedEx Ground.

33.     FedEx Ground specifically denies any allegations contained in the unnumbered paragraphs beginning with the word "WHEREFORE," and denies it is indebted to the Plaintiffs in any amount whatsoever.

4854-9056-3886v1
2919283-000052 08/25/2022

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against FedEx Ground upon which relief can be granted.

### SECOND DEFENSE

FedEx Ground specifically denies all allegations contained in the Plaintiffs' Complaint and demands strict proof thereof.

### THIRD DEFENSE

FedEx Ground denies any act or omission on its part caused or contributed to cause the injuries and damages alleged in the Plaintiffs' Complaint.

### FOURTH DEFENSE

FedEx Ground asserts that the contributory negligence of the Plaintiff was the proximate cause of the injuries and damages alleged in the Plaintiffs' Complaint, therefore barring any recovery.

### FIFTH DEFENSE

FedEx Ground asserts that the Plaintiff assumed the risk of his own conduct, barring recovery in this lawsuit.

### SIXTH DEFENSE

Any injuries suffered by the Plaintiffs were not the proximate result of any action or inaction on the part of FedEx Ground but were instead the result of an intervening or superseding cause.

---

[2] There are two counts labeled "Count V" in the Plaintiffs' Amended Complaint.

4854-9056-3886v1
2919283-000052 08/25/2022

## SEVENTH DEFENSE

Any injuries visited upon the Plaintiffs were not the proximate result of any action or inaction on the part of FedEx Ground but were instead the result of acts and/or omissions of third parties for whom or which FedEx Ground owes no legal responsibility.

## EIGHTH DEFENSE

The Plaintiffs failed to mitigate their damages.

## NINTH DEFENSE

To the extent that the Plaintiffs have concluded or may conclude a settlement or recover a verdict against any person, entity, or party against whom the Plaintiffs have made, or could have made, or will make a claim, then FedEx Ground is entitled to a setoff for any amount paid and is otherwise entitled to introduce the fact of said settlement or verdict at its option.

## TENTH DEFENSE

The Plaintiffs' claims may be barred by res judicata, release, satisfaction, waiver, laches, consent, failure to read, ratification, misrepresentation, mistake, and/or accord and satisfaction.

## ELEVENTH DEFENSE

This Defendant's fault, if any there be, was passive in nature.

## TWELFTH DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama

7

constitutional provisions providing for due process and guarantee against double jeopardy, because judgment of punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong.

### THIRTEENTH DEFENSE

The Plaintiffs' claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### FOURTEENTH DEFENSE

FedEx Ground pleads the provisions of Alabama Code § 6-11-20 (1975).

### FIFTEENTH DEFENSE

FedEx Ground pleads the provisions of Alabama Code § 6-11-21 (1975).

### SIXTEENTH DEFENSE

An award of punitive damages in this action would violate the due process and equal protection rights of Defendants pursuant to Amendment XIV of the Constitution of the United States of America. Alabama's laws regarding punitive damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose. Said laws do not provide Defendants with sufficient notice of (a) the type of conduct that may result in an award of punitive damages or (b) the amount of punitive damages that might be awarded as a result of particular types of conduct. Instructions given to jurors provide no meaningful limitations on the amount of damages that may be awarded and no constraint on the jury's award. Appellate review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on the instruction to the jury at the trial.

## SEVENTEENTH DEFENSE

The Plaintiffs' claim for punitive damages would violate FedEx Ground's rights under the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitutions of the United States of America and Article I, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

## EIGHTEENTH DEFENSE

The claims of the Plaintiffs for punitive damages against Defendant cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## NINETEENTH DEFENSE

FedEx Ground reserves the right to assert any additional defenses which may arise during investigation, discovery, or otherwise during this litigation.

Respectfully Submitted,

/s/ David W. McDowell
David W. McDowell (MCD 049)
Maia Fleischman (FLE 043)
*Attorneys for FedEx Ground Package System, Inc.*

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, P.C.
420 North 20th Street
Shipt Tower, Suite 1400
Birmingham, AL 35203-5202
Telephone: (205) 328-0480
dmcdowell@bakerdonelson.com

9

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and exact copy of the foregoing was served upon the below-listed counsel by using the AlaFile e-filing system and/or U.S. Mail, this the 29th day of August 2022.

Tommy H. Siniard, Esq.
Bart Siniard, Esq.
SINIARD LAW, LLC
511 Madison Street SE
Post Office Box 18666
Huntsville, AL 35804
bart@siniardlaw.com

Shelley Lewis, Esq.
GAINES GAULT HENDRIX, P.C.
115 Manning Drive, Suite 201B
Huntsville, AL 35801
slewis@ggh-law.com

                /s/ David W. McDowell
                OF COUNSEL

4854-9056-3886v1
2919283-000052 08/25/2022



ELECTRONICALLY FILED
9/7/2022 3:40 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM DOUGLAS and, | ) |
| HOLLY DOUGLAS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     Case No. 20-CV-2022-900027 |
| | ) |
| MICHAEL KEITH SAVAGE; | ) |
| FEDEX GROUND PACKAGE SYSTEM, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## <u>NOTICE OF SERVICE OF DISCOVERY</u>

Please take notice that the following discovery document has been filed and/or served on

behalf of Defendant FedEx Ground Package System, Inc.:

    1.    NOTICE OF DEPOSITION OF MICHAEL SAVAGE on Monday, September 12, 2022 beginning at 10:00 a.m.

        Respectfully Submitted,


        /s/ David W. McDowell
        David W. McDowell (MCD 049)
        Maia Fleischman (FLE 043)
        ***Attorneys for FedEx Ground Package System, Inc.***

**<u>OF COUNSEL:</u>**

BAKER, DONELSON, BEARMAN, CALDWELL
  & BERKOWITZ, P.C.
420 North 20th Street
Shipt Tower, Suite 1400
Birmingham, AL 35203-5202
Telephone: (205) 328-0480
dmcdowell@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing was served upon the below-listed counsel by using the AlaFile e-filing system and/or U.S. Mail, this the 7th day of September, 2022.

Tommy H. Siniard, Esq.
Bart Siniard, Esq.
SINIARD LAW, LLC
511 Madison Street SE
Post Office Box 18666
Huntsville, AL 35804
bart@siniardlaw.com

Shelley Lewis, Esq.
GAINES GAULT HENDRIX, P.C.
115 Manning Drive, Suite 201B
Huntsville, AL 35801
slewis@ggh-law.com

/s/ David W. McDowell
OF COUNSEL

4884-4680-6833v1
2919283-000052 09/07/2022

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM DOUGLAS and,<br>HOLLY DOUGLAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-2022-900027 |
| | ) | |
| MICHAEL KEITH SAVAGE;<br>FEDEX GROUND PACKAGE SYSTEM,<br>INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>NOTICE OF DEPOSITION OF DEFENDANT MICHAEL SAVAGE</u>

Please take notice that on **Monday, September 12, 2022,** beginning at **10:00 a.m.** in the Jackson Conference Room, Marriott Shoals Hotel & Spa, 10 Hightower Place, Florence, Alabama 35630-4166, Defendant FedEx Ground Package System, Inc. will take the deposition of Defendant, Michael Keith Savage before an official authorized by law to administer oaths.  You are invited to attend and cross examine the witness.

Respectfully Submitted,

/s/ David W. McDowell
David W. McDowell (MCD 049)
Maia Fleischman (FLE 043)
*Attorneys for FedEx Ground Package System, Inc.*

<u>OF COUNSEL:</u>

BAKER, DONELSON, BEARMAN, CALDWELL
 & BERKOWITZ, P.C.
420 North 20th Street
Shipt Tower, Suite 1400
Birmingham, AL 35203-5202
Telephone: (205) 328-0480
dmcdowell@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing was served upon the below-listed counsel by using the AlaFile e-filing system and/or U.S. Mail, this the 7th day of September, 2022.

Tommy H. Siniard, Esq.
Bart Siniard, Esq.
SINIARD LAW, LLC
511 Madison Street SE
Post Office Box 18666
Huntsville, AL 35804
bart@siniardlaw.com

Shelley Lewis, Esq.
GAINES GAULT HENDRIX, P.C.
115 Manning Drive, Suite 201B
Huntsville, AL 35801
slewis@ggh-law.com

/s/ David W. McDowell
OF COUNSEL

Cc:  Veritext Court Reporting (calendar-al@veritext.com)

4868-1620-5617v1
2919283-000052 09/07/2022

ELECTRONICALLY FILED
9/12/2022 3:52 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

| **STATE OF ALABAMA** | Revised 3/5/08 | Cas... |
|---|---|---|
| Unified Judicial System | | |
| 20-COLBERT | ☐ District Court ☑ Circuit Court | CV2... |

**WILLIAM DOUGLAS ET AL V. ALLSTATE INSURANCE COMPANY ET AL**

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* D003 - SAVAGE MICHAEL KEITH

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

SHELLEY DANIELLE LEWIS MS.

115 MANNING DRIVE, SUITE 201B

HUNTSVILLE, AL 35801

*Attorney Bar No.:* LEW055

☐ Oral Arguments Requested

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other   Joint Stipulation for Pro Tanto Dismissal |
| | pursuant to Rule N/A   (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 9/12/2022 3:51:03 PM | Signature of Attorney or Party /s/ SHELLEY DANIELLE LEWIS MS. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
9/12/2022 3:52 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK



## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **WILLIAM DOUGLAS and** | ) | |
| **HOLLY DOUGLAS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CV-2022-900027** |
| | ) | |
| **MICHAEL KEITH SAVAGE and** | ) | |
| **FEDERAL EXPRESS CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>JOINT STIPULATION FOR PRO TANTO DISMISSAL</u>

COME NOW William Douglas, Holly Douglas and Michael Keith Savage, parties in the above-referenced matter, by and through their undersigned counsel of record, and hereby move this Court by joint stipulation to dismiss this action as to Michael Keith Savage ***only***, with prejudice, costs taxed as paid. The case shall remain pending as to all other defendants.

Respectfully submitted this _____ day of _____, 2022.

/s/ Bart Siniard_____
Bart Siniard
Tommy H. Siniard
Attorneys for the Plaintiffs
William Douglas and Holly Douglas

**OF COUNSEL:**
SINIARD LAW, LLC
511 Madison Street SE
Huntsville, Alabama 35801
(256) 500-1199

/s/ Shelley Lewis_____
Shelley Lewis (LEW055)
Attorney for Defendant
Michael Keith Savage

**<u>OF COUNSEL:</u>**
GAINES GAULT HENDRIX, P.C.
115 Manning Drive
Suite 201B
Huntsville, Alabama 35801
(205) 402-4846



ELECTRONICALLY FILED
9/12/2022 3:52 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM, | ) |
| DOUGLAS HOLLY, | ) |
| Plaintiffs, | ) |
| | ) |
| V. | )   Case No.:      CV-2022-900027.00 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| ATLANTIC SPECIALTY INSURANCE | ) |
| COMPANY, | |
| SAVAGE MICHAEL KEITH, | ) |
| FEDEX GROUND PACKAGE SYSTEM, INC. | ) |
| ET AL, | ) |
| Defendants. | ) |

### ORDER

Upon the motion made jointly by the parties involved, to dismiss the above-styled case against Defendant Michael Keith Savage only, it is the opinion of the Court that the same is due to be, and hereby is, GRANTED.  Accordingly, it is hereby, ORDERED, ADJUDGED and DECREED that the above-styled case is hereby **DISMISSED with PREJUDICE** as to Defendant Michael Keith Savage only, costs taxed as paid.  The case shall remain pending as to all other defendants.

**DONE this[To be filled by the Judge].**

/s/[To be filled by the Judge] _____
**CIRCUIT JUDGE**


ELECTRONICALLY FILED
9/12/2022 4:11 PM
20-CV-2022-900027.00
CIRCUIT COURT OF
COLBERT COUNTY, ALABAMA
MARK R. EADY, CLERK

## IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

| | |
|---|---|
| DOUGLAS WILLIAM,<br>DOUGLAS HOLLY,<br>Plaintiffs, | )<br>)<br>)<br>) |
| V. | )  Case No.:        CV-2022-900027.00 |
| ALLSTATE INSURANCE COMPANY,<br>ATLANTIC SPECIALTY INSURANCE<br>COMPANY,<br>SAVAGE MICHAEL KEITH,<br>FEDEX GROUND PACKAGE SYSTEM,<br>INC. ET AL,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Upon the motion made jointly by the parties involved, to dismiss the above-styled case against Defendant, Michael Keith Savage, only, it is the opinion of the Court that the same is due to be, and hereby is, GRANTED.  Accordingly, it is hereby, ORDERED, ADJUDGED and DECREED that the above-styled case is hereby **DISMISSED, with PREJUDICE** as to Defendant, **Michael Keith Savage, ONLY**, costs taxed as paid.  The case shall remain pending as to all other defendants.

**DONE this 12ᵗʰ day of September, 2022.**

**/s/ KYLE W BROWN**
**CIRCUIT JUDGE**